PICKENS *v.* STATE.

[91 South. 906. En Banc. No. 22113.]

CRIMINAL LAW. *Admitting confession of another jointly accused, made out of defendant's presence, and after the crime, was error.*

In a trial of one for murder, where the defendant and two others are jointly accused of the crime, it was fatal error to allow the

state to show the conviction and implicating confession of one of the others and the plea of guilty of the other; the confession being out of the presence of defendant, and after the commission of the crime.

APPEAL from circuit court of Sunflower county.

HON. S. F. DAVIS, Judge.

Ben Pickens was convicted of murder, and sentenced to death, and he appeals. Reversed and remanded for new trial.

*Neil & Clark,* for appellant.

It is not permissible to introduce in evidence, as against a conspirator, the acts or declarations of conspirators which were done or made after the conspiracy had come to an end, either through accomplishment of its object or by reason of an abandonment. 16 C. J. 656, sec. 1309; *Osborne* v. *State,* 99 Miss. 419.

The special assistant to the attorney-general makes the following candid statement, to-wit: "The confession of White was proof of a conspiracy itself, as well as proof of the guilt of the appellant of the crime of murder. The state had no other means of proving the conspiracy between the three men except by the confession of White."

If this admission on the part of the attorney-general is true, and we submit the record shows it to be true, then both a conspiracy and appellant's guilt were established by, as we contend, an extorted confession made after the conspiracy, if any, had come to an end or been accomplished; and without further reference to any other of the many errors, in this cause, we submit that it should be reversed.

*H. Cassedy Holden,* for appellee.

It is contended by appellant that the court erred in admitting the confession of Gerrard White, the co-conspira-

tor of appellant. It is insisted that this confession was involuntary, but it is submitted that there is no merit in this contention. See testimony of T. D. Robertson and H. Gilbert. The court is also requested to refer to the briefs for the state and the appellant in the case of *Gerrard White* v. *State,* in this connection.

But it is also insisted that the confession of White, the co-conspirator, was not admissible and competent evidence against the appellant, because this confession was made after the commission of the crime, are admissible as tending to show why defendant and others had banded together, and the extent of their crime or conspiracy. *State* v. *Donavan,* 125 Iowa, 239, 101 N. W. 122; *Cline* v. *State* (Tex.), 178 S. W. 520.

Facts and circumstances which go to establish a conspiracy are none the less admissible because at the same time they supply evidence tending to prove the guilt of defendant. *People* v. *Stokes* (Calif.), 89 Pac. 997.

In all candor, I feel it my duty to call the court's attention to the following announcement of law which appeals in 16 C. J. at page 659: "Confessions or admissions of one conspirator or co-defendant are not admissible in evidence against another, unless they were made in his presence and assented to by him, or unless he admitted their truth, in which cases they are admissible although made after the termination of the conspiracy, upon the theory that they are in the nature of admissions of defendant." See also *Osborn* v. *State,* 99 Miss. 422; *Garrard* v. *State,* 50 Miss. 147; *Tate* v. *State,* 95 Miss. 138, 48 So. 13.

The confession of White was proof of a conspiracy itself as well as proof of the guilt of the appellant of the crime of murder. The state had no other means of proving the conspiracy between the three men except by the confession of White. It is true that the wounds upon the body of Mr. Gross indicated that more than one person had participated in the crime, but there was no way to prove who these persons were except by the confessions of White.

129 Miss.—13

The appellant also contends that the court erred in admitting the testimony of the circuit clerk showing that Kenard had plead guilty to the murder and that White had been tried and convicted. It is insisted that this evidence was inadmissible and incompetent.

"Where two persons have been jointly indicted for the same offense, but are separately tried, a judgment of conviction against one of them is not competent on the trial of the other inasmuch as his conviction is no evidence either of joint action or of the guilt of the accused." 16 C. J. 670, citing cases.

But in *Osborne* v. *State* (Miss.), 55 So. 52, it is held that where three persons are jointly indicted for conspiracy to burn a stock of goods with intent to defraud an insurance company, and two of such defendants have already pleaded guilty to another indictment for burning the building containing the stock, by the same fire, their pleas may be received in evidence on the trial of the joint indictment to show a confession by them. They are not competent, however, to show intent to defraud the insurance company, nor to connect the third defendant with them in the unlawful burning.

HOLDEN, J., delivered the opinion of the court.

The appellant, Ben Pickens, was convicted of murder, and sentenced to death.

On the night of May 31, 1921, T. G. Gross was murdered in his store at Holly Ridge. He was postmaster, and conducted a small country store. It was shown that Mr. Gross was struck with an ax, and also chopped with a hatchet, his pockets were rifled, and the post office was robbed by the murderer or murderers. When the murder was discovered the next morning the appellant and two other negroes, Buck Kenard and Gerrard White, were charged with the crime. The circumstantial evidence connecting appellant with the crime was very scant, and wholly insufficient alone to sustain the charge against him. But at

the trial, in addition to the slight proof connecting him with the crime, the court permitted the state, over the objection of appellant, to introduce in evidence a plea of guilty of Buck Kenard, one of the other negroes charged with the crime and also allowed the state to show the conviction of Gerrard White, the other negro charged with the crime. After the introduction of this testimony the court permitted the state to introduce an alleged confession of Gerrard White with all its details in which White confessed the crime and implicated the appellant as one of the parties who assisted in the killing with the use of the hatchet. All of this testimony was allowed to go to the jury over the objection of appellant. And the jury upon this proof rendered a verdict of guilty.

It seems needless for us to say that the court committed grave and fatal error in permitting this testimony to be introduced by the state. The plea of guilty of Buck Kennard, and the conviction of Gerrard White, and his confession implicating appellant, were all incompetent to establish the guilt of appellant, and especially so since the confession was made after the commission of the crime, and not in the presence of appellant.

There is no testimony whatever in the record substantially tending to show a conspiracy between the three negroes to commit the crime. The fact that Buck Kenard had pleaded guilty to the crime, and that Gerrard White had been convicted of the killing, and confessed the fact, could in no possible view be considered as competent to show the guilt of the appellant, Pickens; and we have been unable to conceive of any rule or reason for the admission of the testimony.

For the errors committed, the judgment of the lower court is reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*