PIEPER *v.* STATE

No. 41951 November 6, 1961 134 So. 2d 157

*Lawrence D. Arrington,* Hattiesburg, for appellant.

50

G. *Garland Lyell, Jr.*, Asst. Atty. Gen., Jackson, for appellee.

Arrington, J.

Appellant was jointly indicted with William D. Rucker for grand larceny. Appellant was tried separately, and appeals from a judgment of conviction.

The State offered Rucker as a witness against appellant. While Rucker was on the stand on direct testimony, the State pleaded surprise and was granted the right to cross-examine Rucker. While cross-examining Rucker the district attorney brought out that Rucker had entered a plea of guilty to the crime and proved that Rucker had made an out-of-court statement that he, Rucker, and the appellant had stolen the property described in the indictment. Appellent was not present when this extrajudicial statement was alleged to have been made. All this was over the objection of appellant.

It was error to inform the jury that Rucker had entered a plea of guilty. This Court holds that where two or more persons are jointly indicted for the same offense, but are separately tried, a judgment of conviction against one of them is not competent on the trial of the other inasmuch as his plea of guilty or conviction is no evidence of the guilt of the accused. Pickens v. State, 129 Miss. 191, 91 So. 906.

 It was also error for the court to admit evidence that Rucker made a statement sometime between the date of the crime and the trial to the effect that he, Rucker, and appellant committed the crime. Such statement, not having been made in the presence of appellant, was not competent against appellant. Grantham v. State, 167 Miss. 221, 149 So. 798, and authorities therein cited.

For these errors, the case is reversed and remanded.

Reversed and remanded.

*Lee, P. J.,* and *McElroy, Rodgers* and *Jones, JJ.,* concur.