McArthur, et al. *v.* Pruitt

No. 42392         October 8, 1962         145 So. 2d 163

*Mize, Thompson & Mize,* Gulfport; *Butler, Snow, O'Mara, Stevens & Cannada,* Jackson, for appellant.

*Thomas D. Berry, Jr.,* Gulfport, for appellee.

Jones, J.

McArthur appeals from a judgment of the Circuit Court of Harrison County awarding Pruitt damages because of an alleged assault and battery committed on him by an employee of McArthur.

It is not necessary to go into all of the facts, but for an understanding of our decision, the following statement should be sufficient:

McArthur was the operator of a filling station in the City of Gulfport. One Ramsey was an employee and was in charge of the station at night. Pruitt had been drinking considerably during the day of March 5, 1961. He (Pruitt) stopped at the station around 8:30 P. M. of that day and ordered some gasoline. A dispute arose between Pruitt and Ramsey as to how much gasoline he had ordered; Pruitt contending that he ordered one dollar's worth because that was all the money he had, and Ramsey insisting that he had given directions to "fill her up." The end result was that Ramsey struck Pruitt on the side of the head with a 22-calibre pistol. The pistol went off when Ramsey pulled it from his pocket and also shot when he struck Pruitt with it. There is no evidence, however, as we see it, that Ramsey

was trying to shoot Pruitt. In fact, the first shot went into Ramsey's leg.

Ramsey's plea was self-defense, he claiming that Pruitt was mad, drinking, and that he ran his hand in his pocket leading Ramsey to believe that he (Ramsey) was in danger.

■■ The evidence was sufficient to make an issue of fact for the jury. However, the instructions for the plaintiff were in error and require a reversal.

■■ Instruction No. 2 given for plaintiff reads as follows:

"The Court instructs the jury for the plaintiff that if you find that R. L. "Pumpkin" McArthur did know of John Ramsey's nature and failed to use ordinary care, after having such knowledge of John Ramsey's dangerous nature with a pistol in his possession if such is found by you to be the case, to take such proper steps to prevent John Ramsey from having possession and use of said pistol, then if you find such want of ordinary care on the part of R. L. "Pumpkin" McArthur was the proximate cause of plaintiff's injury, if any, it is your sworn duty to find for the plaintiff and against defendant, R. L. "Pumpkin" McArthur."

This instruction is erroneous for at least two reasons: First, it assumed that Ramsey was a man of a dangerous nature, and, second, there is no evidence in the record that Ramsey was of such nature.

■■ Instruction No. 3 reads: "The court instructs the jury for the plaintiff that when a person known to be affected by a physical or mental disability is allowed to come on the premises of the defendants' business or where the agents of the defendant should know that he is so affected and then rather than complaining of such disability accepts such person as a customer then the defendant and its agents must exercise a greater degree of care of the safety of such a person than is ordinarily required. Consequently if from the prepond-

erance of the evidence you find in this case that James Dillard Pruitt, plaintiff, was intoxicated and that his physical and mental capacities were so impaired that he was incapable of protecting himself and looking after his affairs and that the agents of the defendant knew this or should have known this, then if you find that plaintiff was permitted to remain on said premises and was treated as a customer, the degree of care under the law by the agents of the defendant should have been that of the utmost care.''

■■■ This instruction was not applicable to the facts in this case. The last phrase of it requiring defendant's agents to exercise the ''utmost care'' with regard to an intoxicated person is misleading here. The mere fact that one is drinking or intoxicated does not deprive another of his right of self-defense.

■■■ Instruction No. 6 reads: ''The Court instructs the jury for the plaintiff that the law allows one injured through the negligence of another, compensation in money, not only for his physical pain and suffering, but also for mental pain and suffering. By this is meant a recovery for something in addition to the form of mental suffering ordinarily described as 'physical pain.'

''Mental suffering may arise out of the physical injury and depends upon the extent, character, and probable duration of the injury. It includes all the numerous forms that mental suffering will take which will vary in each case with the temperament of the individual, his ability to stand shock, the nature and character of his injuries, whether permanent or temporary, disfiguring or humiliating, and the mental worry, distress, or grief, or mortification which he may sustain thereby.

''If one be handicapped by physical injuries from performing the tasks incident to his or her station in life, or if the character of the injuries be such as to cause one mental anxiety, or dread of physical suffering reasonable certain to continue in the future, you may con-

sider such elements in assessing damages for mental suffering.

"In estimating such mental suffering, if any such exists, you may also consider whether or not mental suffering might be sustained by the plaintiff herein from the deprivation of the pleasure and satisfaction in life that only those can enjoy who are possessed of a sound body.

"These are all proper component elements for that mental suffering for which the law entitles one injured by the negligence of another to seek redress in monetary damages."

This instruction is complicated in its wording, is hard to understand, and is calculated to confuse the jury. Furthermore, it apparently assumes, and might lead the jury to believe, that Pruitt had been permanently injured. We are unable to find in the record any evidence that he was permanently injured.

For these reasons, this cause is reversed and remanded for a new trial.

Reversed and remanded.

*McGehee, C. J., and Kyle, Gillespie and McElroy, JJ.,* concur.