293 So.2d 807 (1974)
Leroy McCRAY
v.
STATE of Mississippi.
No. 47596.
Supreme Court of Mississippi.
March 25, 1974.
Rehearing Denied May 20, 1974.
Wilkins, Ellington & Latham, L.C. James, Jackson, for appellant.
A.F. Summer, Atty. Gen., by T.E. Childs, Jr., Special Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Leroy McCray was convicted of murder and sentenced to life imprisonment by the Circuit Court of the First Judicial District of Hinds County. He appeals from this conviction and sentence. We are of the opinion that the introduction of incompetent and prejudicial evidence by the state deprived the appellant of a fair trial, thereby necessitating reversal.
On October 8, 1972, William H. Kelly was killed during the course of an armed robbery. Subsequently, the appellant and Clem Jimpson were jointly indicted for this murder. They were tried separately and Jimpson was convicted on December 7, 1972. The appellant was tried at the succeeding term of court.
In his opening statement the county prosecuting attorney informed the jury that Jimpson had already been convicted of murder. Additionally, the state closed its case by calling a deputy circuit clerk as a witness and introducing a certified copy of the judgment and sentence of the co-indictee. In each instance objections were interposed and overruled by the court.
The appellant first contends that the trial court erred in admitting into evidence a confession signed by him. He argues that it was an unintelligent waiver of his right against self-incrimination, his right to remain silent and his right to have the aid of counsel.
The second contention is that the trial court erred in admitting into evidence the record of the conviction and sentence of the appellant's co-indictee.
We have maturely considered the argument and authorities advanced in support of the inadmissibility of the confession and are of the opinion that it is without merit. Our primary concern is with the consequences emanating from the introduction *808 of a certified copy of the co-indictee's conviction and sentence.
This Court has repeatedly condemned this practice. In Buckley v. State, 223 So.2d 524 (Miss. 1969), we held:
... The law is well settled in this state that where two or more persons are jointly indicted for the same offense but are separately tried, a judgment of conviction against one of them is not competent evidence on the trial of the other because such plea of guilty or conviction is no evidence of the guilt of the party being tried. State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965); Pieper v. State, 242 Miss. 49, 134 So.2d 157 (1961); Pickens v. State, 129 Miss. 191, 91 So. 906 (1922). (223 So.2d at 528)
All of the justices of this Court are of the opinion that the introduction of the conviction into evidence was error. A majority of the Court is of the opinion that it was prejudicial to the accused, requiring the case to be reversed.
Conceding, for the purpose of this opinion, that the state presented a strong case against McCray, we nevertheless are compelled to the conclusion that the error in evidence cannot be characterized as harmless. This is particularly so, we think, when it is noted that McCray testified in his own behalf and denied any participation in the robbery and denied that he voluntarily signed the confession, stating that he did so because he was threatened and "scared." The issue of guilt was thus placed squarely before the jury for its determination.
We observe, in considering the gravity of the incompetent testimony, that it did not result from an unsolicited response by a witness and neither was it the result of a chance question by the district attorney, but rather was the deliberate elicitation from a witness called for the specific purpose by the state's attorney. We do not speculate whether this testimony was introduced for the purpose of deliberately prejudicing McCray's defense by the use of evidence which this Court has repeatedly condemned or that it was introduced under the mistaken belief that the conviction of a co-indictee was the best evidence that a crime had been committed so that McCray's guilt as an accessory could be established since in either event it was prejudicial.
In Huff v. Edwards, 241 So.2d 654 (Miss. 1970), we defined an accessory as one who procures, counsels or commands another to commit a felony for him, but is not himself present, actually or constructively, when it is committed, citing 1 Wharton's Criminal Law and Procedure, section 110 (Anderson Ed. 1957). The following sentence in this treatise emphasizes the foregoing statement by adding "if such person were present actually or constructively at the commission of the crime, he would be a principal and not an accessory." The state's evidence, denied by the defendant, placed McCray at the scene of the crime and revealed him to be a participant therein. If, therefore, he is found guilty by a jury, it must be as a principal and not as an accessory.
Moreover, if McCray had been indicted as an accessory, though he was not, it would only have been necessary for the state to establish the corpus delicti by proof that a crime had been committed. Proof of the principal's identity or his conviction would not have been an essential to the state's case. Huff, supra, and Wages v. State, 210 Miss. 187, 49 So.2d 246 (1950). There was abundant evidence establishing the commission of a crime, the corpus delicti, invalidating any reason for the introduction of the co-indictee. It was totally unnecessary regardless of motive and was grossly prejudicial to McCray.
We are cognizant of the difficulties encountered during the course of trials and that persons charged with crimes cannot expect, nor can the state provide, perfect trials since they are administered by man, but nevertheless we have steadfastly clung to the ideal of a fair trial. Every *809 defendant has the fundamental right and expectation to a fair and impartial trial. Stewart v. State, 229 So.2d 53 (Miss. 1969), and Smith v. State, 220 So.2d 313 (Miss. 1969). This basic concept of justice is well stated in Berry v. State, 212 Miss. 164, 54 So.2d 222 (1951), as follows:
It is the proud boast of our system of jurisprudence that every man charged with crime is entitled to a fair trial at the hands of an impartial jury. This means a trial according to law on competent and relevant evidence, and by a jury untouched by the poisonous fangs of prejudice... . (212 Miss. at 175, 54 So.2d at 227)
In Scarbrough v. State, 204 Miss. 487, 37 So.2d 748 (1948), we held the fundamental right to a fair trial is a guaranty paramount to the use of evident guilt for invoking the harmless error rule. We there stated the guaranty:
This is not one of those cases for the application of the rule that a conviction will be affirmed unless it appears that another jury could reasonably reach a different verdict upon a proper trial than that returned on the former one, but rather it is a case where the constitutional right of an accused to a fair and impartial trial has been violated. When that is done, the defendant is entitled to another trial regardless of the fact that the evidence on the first trial may have shown him to be guilty beyond every reasonable doubt. The law guarantees this to one accused of crime, and until he has had a fair and impartial trial within the meaning of the Constitution and Laws of the State, he is not to be deprived of his liberty by a sentence in the state penitentiary. (204 Miss. at 497, 37 So.2d at 750)
Cf. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), involving the application of the state harmless error rule to infractions by the states of federally guaranteed rights.
Throughout the presentation of the state's case McCray and Jimpson were identified as being together at the time and place of the crime. After Jimpson's conviction was exposed to the jury, its ability to objectively reach a fair verdict on the merits of the competent evidence before it was necessarily seriously impaired. The jury was placed in the untenable position of pitting its prospective verdict against a guilty verdict previously entered by another jury carrying with it the court's approval by way of the judgment and sentence.
It seems illogical and certainly violative of the spirit of a fair trial to assume that a jury could separate the evidence relating to McCray's alibi and signed, but denied, confession from the guilty verdict in Jimpson's case. It seems more likely that the confession would have been strengthened by the corroborating evidence of the co-indictee's conviction, thereby removing it from fair consideration under competent evidence. All dangers emanating from the use of this incompetent evidence would necessarily militate against a fair and impartial trial under the laws of this state.
In Buckley, supra, we held that where there was a joint indictment for the same offense and a separate trial held for each of the participants, the introduction of a plea of guilty by one in the trial of the other was reversible error. Even though there was a dissenting opinion in Buckley based upon Mississippi Supreme Court Rule 11 (harmless error), it was nevertheless recognized that "reversible error might well exist where an absent co-indictee's previous conviction or guilty plea is introduced in evidence through court records." (223 So.2d at 529). Pickens v. State, 129 Miss. 191, 91 So. 906 (1922). This statement fits the circumstances of the present case and we conclude that the incompetent evidence constitutes prejudicial and therefore reversible error.
The very essence of liberty and justice requires that fundamental rights be measured and enforced by certain standards *810 and uniform rules. These standards should not be compromised to attain a good but temporary purpose since it is inevitable that some wrong will be found to exist under any rule, and extreme cases will arise making a departure from fixed principles seem advantageous for the moment. It is this Court's opinion, however, that adherence to a definitive standard will result in less injustice and enhance stability in law in the long run more than would a case-by-case evaluation of error to determine whether it was "harmless," "probably harmless," "not so harmless," "harmful," "grossly harmful," the last category equating to prejudice, requiring reversal.
For the reasons stated we are of the opinion the cause must be reversed and remanded for a new trial.
Reversed and remanded.
GILLESPIE, C.J., RODGERS, P.J., and INZER, SMITH and BROOM, JJ., concur.
ROBERTSON, SUGG and WALKER, JJ., dissent.