301 So.2d 292 (1974)
Mike IVY
v.
STATE of Mississippi.
No. 48066.
Supreme Court of Mississippi.
October 7, 1974.
Johnston, Pritchard & Wright, Pascagoula, for appellant.
A.F. Summer, Atty. Gen. by William D. Boerner, Sp. Asst. Atty. Gen., Jackson, for appellee.
PATTERSON, Justice:
Mike Ivy and Clinton Smith were jointly indicted for the sale of a controlled substance without authority of law. The cases were severed and Ivy was convicted and sentenced to fifteen years in the state penitentiary by the Circuit Court of Jackson County.
The primary assignment of error is directed to the testimony of Smith, the co-indictee, who was called as a witness by the state. The pertinent portion of his testimony contended to have been grossly prejudicial to the appellant, follows:
BY MR. LOCKARD: (Continuing)
Q. Now, Mr. Smith, I believe you were joint indictee in this matter, were you not?
A. Yes, sir, I was.
Q. And you have been convicted 
BY MR. WRIGHT: If the Court please, we now object and move for a mistrial.
BY THE COURT: Objection will be overruled.

*293 BY MR. LOCKARD: (Continuing)
Q. Mr. Smith, you have been sentenced, have you not?
A. Yes, sir, I have.
* * * * * *
BY MR. WRIGHT: We renew our objection and make the same objection.
BY THE COURT: Overruled.
The jury thus had before it evidence of the co-indictee's conviction and sentence from which it could very likely conclude that Ivy was guilty because his associate and co-indictee was convicted and sentenced, or more modernly put, the jury could find that he was guilty by association.
We have consistently held evidence of this nature to be inimical to a fair trial. McCray v. State, 293 So.2d 807 (Miss. 1974); Buckley v. State, 223 So.2d 524 (Miss. 1969); State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965); Pieper v. State, 242 Miss. 49, 134 So.2d 157 (1961), and Pickens v. State, 129 Miss. 191, 91 So. 906 (1922).
In Buckley, supra, we stated:
... The law is well settled in this state that where two or more persons are jointly indicted for the same offense but are separately tried, a judgment of conviction against one of them is not competent evidence on the trial of the other because such plea of guilty or conviction is no evidence of the guilt of the party being tried... . Not only was this testimony designed to lead the jury to believe that since Pitts had plead guilty to the charge, that his co-indictee, Buckley, was also guilty, but it was also designed to bolster the testimony of Pitts....
223 So.2d at 528.
This rule is in accord with those of many other states. Indeed, it appears to be the uniform rule. See 48 A.L.R.2d 1016 (1956).
These authorities remain applicable, requiring the case to be reversed and remanded for a new trial.
Reversed and Remanded.
GILLESPIE, C.J., and INZER, SUGG and WALKER, JJ., concur.