465 So.2d 1065 (1985)
Clyde ROBINSON
v.
STATE of Mississippi.
No. 54637.
Supreme Court of Mississippi.
March 13, 1985.
John H. Ott, Guy, Whittington & Ott, McComb, for appellant.
Bill Allain, Atty. Gen. by Carolyn B. Mills, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
This is an appeal from a criminal conviction in the Circuit Court of Lincoln County, in which Clyde Robinson was convicted of armed robbery and sentenced to a term of twelve years in the Mississippi Department of Corrections. Robinson appeals, assigning as error:
(1) The trial court erred in admitting evidence of the co-indictee's guilty plea;
(2) The trial court erred in granting the state's cautionary instruction regarding the testimony of an accomplice;
(3) The trial court erred in granting an instruction defining the crime of armed robbery which was unduly misleading; and
(4) The verdict was against the overwhelming weight of the evidence.

I.
On July 7, 1982, appellant Robinson, a 30 year old resident of McComb, MS, picked up Kevin John Whitwell who was hitchhiking along I-55 North. Whitwell, a 28 year old school teacher from Sidney, Australia, had taken a year off from teaching in order to travel around the United States. Robinson drove north approximately 20 to 25 miles, dropping Whitwell off at the Summit exit.
Sometime later, Robinson returned accompanied by Lynwood Magee and again picked up Whitwell. Robinson exited the interstate and stopped for gas, then proceeded along old Hwy. 51 toward McComb. *1067 When the car stopped at an intersection, Magee, who was riding in the back seat, pointed a .38 caliber pistol at Whitwell and told him to put his hands on the dashboard. Magee reached around into Whitwell's top left shirt pocket and removed $10.00 in cash and a digital clock. Appellant Robinson tore a money belt from around Whitwell's neck. Robinson removed from the money belt $1,900.00 in traveler's checks and some foreign currency. At Magee's command, Whitwell got out of the car and ran toward a pasture.
Robinson and Magee proceeded to drive to McComb and stopped at the Fast Lane Store where Magee forged Whitwell's name on a $20.00 traveler's check which he used to purchase $7.00 worth of gas. Robinson and Magee stopped next at the Billups on 51 and Broadway where Magee forged Whitwell's name on a $20.00 traveler's check which he used to purchase a 6-pack of beer and some cigarettes. Robinson and Magee then pulled over on the Higgins High School Road where they searched Whitwell's backpack, removing a camera and throwing the backpack into a ditch.
At trial, appellant Robinson testified that, after dropping off Whitwell at the Summit exit, he returned to McComb and went to Willie Martin's Lounge. According to Robinson, he mentioned to a group of people that he was going to Jackson and Magee invited himself along for the ride. Robinson admitted that the gun used during the robbery was his and that he kept it in his glove compartment, but denied giving the gun to Magee. Robinson testified that he had no knowledge that Magee was going to rob anyone.
Lynwood Magee testified that when he saw Robinson at Willie Martin's Lounge, Robinson told him about the hitchhiker and said he wanted Magee to help him rob the man. According to Magee, Robinson opened the glove compartment of his car, pulled out the pistol and handed it to Magee.
Laville Isaac, Lynwood Magee's cousin, testified that she saw Robinson and Magee around 8:30 or 9:00 on July 7, 1982 at her residence in McComb. According to Isaac, Robinson cautioned Magee against cashing the traveler's checks in McComb and volunteered to take them to Louisiana and cash them. Isaac testified that appellant traded the gun and the camera for the remaining traveler's checks.

II.
Whether the trial court erred in admitting evidence at co-indictee's guilty plea.
Lynwood Magee, who was jointly indicted with the appellant but separately tried, was questioned by the district attorney on direct-examination as follows:
Q. Let me ask you now, what crimes or misdemeanors have you been convicted of?
A. The only crime I've been convicted of is armed robbery today.
Q. What about any misdemeanor?
A. Several in the past.
Q. And where were those?
A. In Pike County.
On cross-examination counsel for appellant questioned Magee as follows:
Q. You plead guilty yesterday, didn't you?
A. Yes, sir.
Q. And you didn't prepare for your trial, did you?
A. No, I didn't.
Q. You prepared to testify against Clyde, didn't you
A. I got prepared to tell the truth.
Q. Got prepared to testify in Court against Clyde, didn't you?
A. Yes.
Q. And you've been convicted of only one felony?
A. Yes.
Q. You have no other felony convictions?
A. No.
Q. And you have seven misdemeanor convictions, I believe the District Attorney asked you, is that what you said?
A. Yes.
*1068 The above quotes clearly show the limited area of inquiry by the state to which no objection was made by the defense. The defense clearly enlarged this inquiry and assigns their examination as error.
Appellant argues that the admission of this testimony regarding the guilty plea of appellant's co-indictee constitutes reversible error, citing Buckley v. State, 223 So.2d 524 (Miss. 1969) and Pieper v. State, 242 Miss. 49, 134 So.2d 157 (1961). The state argues that, inasmuch as no objection was raised to the testimony at trial, the error may not be assigned on appeal.
The general rule in this state is that where two or more persons are jointly indicted for the same offense, but are separately tried, a judgment of conviction or a plea of guilty against one of them is not competent evidence on the trial of the other because such plea of guilty or conviction is no evidence of the guilty of the party being tried. Henderson v. State, 403 So.2d 139 (Miss. 1981) (cross-examination of defense witness by prosecutor as to his conviction of offense for which defendant was being tried required mistrial); Ivy v. State, 301 So.2d 292 (Miss. 1974) (where state offered co-indictee as witness and prosecutor elicited from defendant's co-indictee, over counsel's objection, that co-indictee had been convicted as a co-indictee held error); McCray v. State, 293 So.2d 807 (Miss. 1974) (prosecutor's opening statement informing jury that co-indictee had been convicted held error); Buckley v. State, supra; Pieper v. State, 242 Miss. 49, 134 So.2d 157 (1961) (where state offered co-indictee as witness, pleaded surprise, and cross-examined witness to show an out-of-court statement that the witness and defendant had stolen property described in indictment, held error); Pickens v. State, 129 Miss. 191, 91 So. 906 (1922) (introduction of absent co-indictee's previous indictment or guilty plea held error).
However, these cases are distinguishable from the case at bar in two significant ways. In each of the above cases, a contemporaneous objection was lodged by defense counsel. Henderson, supra at 140; Ivy, supra at 292; McCray, supra at 807; Buckley, supra at 527; Pieper, supra, 134 So.2d at 157; Pickens, supra, 91 So. at 906.
Moreover, the effect of a failure to object contemporaneously to evidence of a co-indictee's guilty plea or conviction was discussed by this Court in Hill v. State, 432 So.2d 427 (Miss. 1983). There, appellant Hill assigned as error in his trial for capital murder the admission of testimony of his co-defendant regarding the co-defendant's conviction of manslaughter in connection with the same homicide. This Court acknowledged that the state's questioning of the co-defendant regarding his conviction of manslaughter was error. This Court nonetheless refused to consider the error on appeal, noting that no objection was made at trial and that defense counsel cross-examined the co-defendant regarding his plea and conviction. 432 So.2d at 439.
Secondly, factually these cases are distinguishable from the instant case. The state in offering the co-indictee as a witness asked only if the witness had ever been convicted of any crimes or misdemeanors. No objection came from the defense. The witness's answer did not indicate to the jury that the crime to which he admitted conviction was as co-indictee of this defendant. It was the defense counsel's cross-examination that told the jury of the objectionable testimony of the guilty plea of a co-indictee. Having opened the door to the objectionable testimony, the defense cannot on appeal assign as error their own action and expect to receive reversible treatment. Clearly this factual situation distinguishes Robinson from the rules pronounced in former cases in addition to the defendant's failure to object to testimony of convictions.
In the case sub judice, as in Hill, supra, no objection was made to either the questions or the answers nor was the admission of this testimony assigned as error in appellant's motion for a new trial. As in Hill, supra, appellant's counsel cross-examined co-indictee Magee regarding his guilty plea. Based upon this Court's opinion in Hill, supra, this Court concludes *1069 that the admission of Magee's testimony under the circumstances of the case did not constitute reversible error.

III.
Whether the trial court erred in granting the state's cautionary instruction regarding the testimony of an accomplice?
The trial court instructed the jury with respect to the testimony of an accomplice as follows:
The Court instructs the Jury that although the testimony of an accomplice should be received by the Jury with great caution and suspicion, yet if you believe that such testimony is reasonable and is neither improbable, self contradictory or substantially impeached, then it is your duty to take such testimony into consideration in determining your verdict and give it such weight, faith and credit as you believe it deserves.
Appellant assigns this instruction as error, arguing that the jury should have been instructed that "the law looks with suspicion and distrust upon the testimony of an accomplice and requires the jury to weigh such testimony with great care and caution and to look upon it with distrust and suspicion."
The language of the challenged instruction is in conformance with the rule that "uncorroborated testimony [of an accomplice] should be viewed with great caution and suspicion and it must be reasonable and not improbable or self-contradictory or substantially impeached." (emphasis added) Thomas v. State, 340 So.2d 1, 2 (Miss. 1976). The record reflects that, in addition to instruction S-4, the trial court granted the instruction requested by the defense with respect to testimony of an accomplice.
This assignment of error is without merit.

IV.
Whether the trial court erred in granting the state's instruction defining the crime of armed robbery?
The trial court granted the following instruction setting forth the elements of the crime charged:
The Court instructs the Jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Clyde Robinson, acting alone or in cooperation with another, on or about the 7th day of July, 1982, in Lincoln County, Mississippi, with the unlawful and felonious intent to take, steal and carry away from the presence of Kevin John Whitwell, a human being, personal property, of value, of the said Kevin John Whitwell, he, the said Clyde Robinson; or another whom the said Clyde Robinson was then and there wilfully, unlawfully and feloniously aiding, abetting and assisting; by putting the said Kevin John Whitwell in fear of immediate injury to his person by the display and exhibition of a certain deadly weapon, to-wit: a handgun, did wilfully, unlawfully and feloniously take, steal and carry away from the presence of the said Kevin John Whitwell, against his will, a camera, camping equipment, travelers checks and approximately ten dollars in cash, personal property of value of the said Kevin John Whitwell, then you should find the said Clyde Robinson guilty as charged.
Appellant argues that the instruction is defective and that it fails to define "cooperation", fails to define "another", is complicated in its wording and unduly misleading. The state, on the other hand, points out that no objection was made to the instruction at trial and therefore this assignment is not properly before the court.
Appellant relies upon MacArthur v. Pruitt, 145 So.2d 163 (Miss. 1962) for the proposition that an instruction which is complicated in its wording, hard to understand and calculated to confuse the jury, should not be given. The challenged instruction in MacArthur, however, was five paragraphs long and assumed facts which were unsupported by any evidence in the record. This assignment of error is without merit.

*1070 V.
Whether the verdict was against the overwhelming weight of the evidence?
After the verdict was returned, appellant moved for a new trial on the ground, among others, that the verdict of the jury was contrary to the overwhelming weight of the evidence. The trial court overruled the motion and appellant assigns this ruling as error.
In support of this assignment, appellant notes that the testimony of appellant's co-indictee Lynwood Magee conflicted with that of the victim in several respects. However, these minor inconsistencies do not arise to the level of insufficiency to support the verdict.
Secondly, appellant contends that the conviction cannot stand since it is uncontradicted that it was Magee and not the appellant who threatened the victim with a deadly weapon during the course of the robbery. This contention is meritless as it is well established that one who acts in concert with another in the perpetration of a robbery need not actually wield a weapon in order to be found guilty of armed robbery. See Flemmons v. State, 419 So.2d 1034 (Miss. 1982).
The evidence is sufficient to support the jury's verdict.
Appellant's conviction and sentence is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.