KITCHENS, Justice,
Dissenting.
¶ 16. The record in this case chronicles a legal sideshow that must have been a bewildering wonder to behold at trial. Though comedic infirmities do not necessarily give rise to constitutional ones, the facts of this case lead me to conclude that the performance of Liddell’s attorney was as counterproductive as it was unorthodox. Because the Court concludes that Liddell received effective assistance from her attorney, I dissent.
¶ 17. I do not take issue with the majority’s determination that Wilbert Johnson, Liddell’s public defender, came to the courthouse with some sort of strategy. The record demonstrates that lawyer Johnson endeavored to portray Liddell’s trailer as a “drug house” and to paint everyone around his client with a dirty brush, hoping thereby to create reasonable doubt as to whether the drugs in question actually belonged to Liddell. See Maj. Op. at 221 and n. 4.
¶ 18. Even if this was a sound trial strategy, the means by which Johnson undertook its execution were bizarre and contrary to his client’s best interest. On cross-examination of Agent Hawkins, Johnson’s elicitation of testimony regarding Liddell’s prior offenses was so egregious that Hawkins himself seemed stunned by the line of questioning. Johnson elicited similar testimony from the police informant, who was more than willing to indulge Johnson’s inquiries about the “many people in and out” of this “drug house.” Maj. Op. at 221 and n. 4.
¶ 19. Johnson’s decision to allow “Doll” Bogan’s conviction into evidence is particularly perplexing. Had the State presented this fact to the jury on its own initiative, the trial judge would have been compelled to declare a mistrial. Robinson v. State, 465 So.2d 1065, 1068 (Miss.1985) (noting that one co-defendant’s guilty plea “is not competent evidence on the trial of the other because such plea of guilty or conviction is not evidence of the guilt[] of the party being tried.”). How Johnson reasoned that this radioactive information, constitutionally prohibited under normal circumstances, would cast a more innocent light upon his client is beyond me, and any explanation surely must wander beyond what we recognize as objectively reasonable. See Bennett v. State, 990 So.2d 155, 158 (Miss.2008).
¶ 20. Under the standard enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), an attorney’s representation must be both deficient and prejudicial in order to deprive the client of her Sixth Amendment right to counsel. I would not hesitate to hold that Johnson’s performance exceeds both requirements. It is one thing to miss the *223 mark. It is quite another to blaze away at one’s own foot and his client’s foot as well.
¶ 21. Even if I found defense counsel’s performance constitutionally adequate under Strickland, I still could not join the majority’s opinion because it misapplies the Strickland test.
¶ 22. The right of a criminal defendant to counsel, guaranteed by the Sixth Amendment to the U.S. Constitution and Article 3, Section 26 of the Mississippi Constitution, is fulfilled only by an attorney’s effective assistance. This does not mean that the lawyer must win, but it most assuredly does mean that the lawyer must not sabotage his client’s defense, wittingly or unwittingly.
¶ 23. Inquiries into an attorney’s effectiveness must be objective in nature, not subjective as today’s majority opinion implies. The majority reaches its conclusion after determining that counsel for Liddell took steps at trial that “may very well have been” intentional. Maj. Op. at 13. But the attorney’s subjective intent is irrelevant. Rather, this Court always has concerned itself with the objective inquiry of whether “counsel’s conduct falls within a wide range of reasonable professional assistance-” Bennett v. State, 990 So.2d 155, 158 (Miss.2008).
¶ 24. This case well illustrates the danger of transforming the Strickland analysis into a subjective inquiry. The record provides little room for doubt that Johnson intended to take the steps that form the basis of Liddell’s appeal, but that intent does not render the decisions objectively reasonable or his assistance effective. Indeed, intent is irrelevant on the question of reasonableness. If our inquiry looks to subjective intent, then Strickland will be effectively eviscerated, save for when inadequately performing attorneys mistakenly trip up on their own vain strategies.
¶ 25. Accordingly, because I would reverse the defendant’s conviction and remand for a new trial aided by the guidance of a constitutionally effective defense attorney, I respectfully dissent from the majority opinion.
GRAVES, P.J., Joins this Opinion in Part.