293 So.2d 810 (1974)
Johnny Frank GRIFFIN
v.
STATE of Mississippi.
No. 47826.
Supreme Court of Mississippi.
April 15, 1974.
Michael D. Jonas, Aberdeen, for appellant.
A.F. Summer, Atty. Gen., by John C. Underwood, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
*811 INZER, Justice:
Appellant Johnny Frank Griffin and his brothers, James Griffin, Jr. and David Griffin, were jointly indicted in the Circuit Court of Monroe County for the crime of murder in the killing of Sallie Loreen Barker. Appellant was granted severance, and on trial, he was convicted. He was sentenced to life imprisonment in the State Penitentiary. From this conviction and sentence he appeals, we reverse and remand.
The evidence on behalf of the state established that on or about 10:00 p.m. on July 14, 1972, appellant and his brothers forcibly seized Sallie Loreen Barker and put her into a 1971 black and white Buick automobile. While she was screaming and hollering, they drove away from the scene. On the following morning, the body of Sallie Loreen Barker was discovered in a ditch alongside a county road in the Darracott community of Monroe County. She was nude, and her clothes were not found at the scene. An autopsy was performed and the pathologist testified that Sallie Loreen Barker died as a result of a hemorrhage over the brain caused by multiple injuries to the head, scalp, face and the base of the skull and neck. It was his opinion that the injuries were inflicted by a long, wide or round object. The pathologist also testified that he found numerous sperm cells in the victim's vagina indicating sexual intercourse had occurred within forty-eight hours of death.
The sheriff's office put out an item on the Griffin brothers and appellant and his brother James were arrested in Utah on July 21, 1972. They were subsequently returned to Monroe County to face a charge of murder.
Appellant's brother James Griffin testified on behalf of appellant and said that on the day in question he, appellant and their brother David were riding around in Aberdeen in a black and white Buick automobile with Florida license plates. Appellant was driving when they saw Sallie Loreen Barker whom he knew. He asked her to go with them to the truck stop, and she consented to go. She got into the car, and they drove over to the Daniel Baptist Church where they let David out of the car because David said he was too high and wanted to get some sleep. While stopped, Johnny who had been driving, got into the back seat. James said he and Loreen got in the front seat, and Johnny, who had been drinking all day, lay down on the back seat and went to sleep. On the way to the truck stop located near West Point, he told Sallie Loreen that he had changed his mind and he was not going to the truck stop but was going to leave Aberdeen. Sallie Loreen then said, "Well, you mean to tell me that you made me miss my date that I was going to see tonight and then you tell me you ain't going to take me nowhere." James said he repeated that he was not going to take her to the truck stop because he was leaving. Sallie Loreen then opened her purse and took out a knife. James stopped the car, opened the door and got out. As he was getting out, he reached under the front seat and got a jack handle. He said that Sallie Loreen got out of the front seat and came toward him with the knife. He then backed away and told her to get back. When she kept coming on him with the knife, he struck her several times with the jack handle. He picked up the knife, got back in the car and drove to Memphis. On cross examination, he said Johnny was asleep because he was out and never at any time woke up until they were in Memphis about sunup the next morning. James testified that he never told Johnny what had happened. He said he threw the knife away in Memphis and that Sallie Loreen was fully clothed at the time he beat her with the jack handle. They left Memphis and drove to San Francisco, California, and back to Utah where they were arrested.
Appellant did not testify in his own behalf and made a motion for a directed verdict which was overruled.
*812 Appellant urges among other things that the trial court was in error in overruling his motion for a directed verdict and refusing his peremptory instruction, instructing the jury to find him not guilty. Appellant argues that the state relied entirely on circumstantial evidence to connect him with the crime, that he produced a witness who admits that he killed the victim, and further, that this witness completely established that appellant did not in any way aid, abet or encourage the crime. Appellant insists that under these circumstances, the Weathersby rule applies. Except for the fact that the evidence on behalf of the state established that appellant participated in the kidnapping of the victim, his contention that he was entitled to a directed verdict of not guilty would be well taken. At the most, insofar as the actual killing was concerned, the testimony taken as a whole with all reasonable inferences drawn therefrom established that appellant was present at the scene of the crime. It is well settled that in the absence of a conspiracy to commit a homicide, the mere presence of a person is not sufficient even though such person might have approved of the crime. Prine v. State, 192 Miss. 726, 7 So.2d 555 (1942); Bruce v. State, 138 Miss. 382, 103 So. 133 (1925); and Harper v. State, 83 Miss. 402, 35 So. 572 (1904).
While the trial court was correct in denying appellant's request for the directed verdict of not guilty, we are of the opinion that under the facts and circumstances in this record, appellant could be guilty of no greater crime than manslaughter. Section 97-3-19, Mississippi Code Annotated (1972), provides that the killing of any human being without any design to effect death by any person engaged in the commission of the crime of rape, burglary, arson or robbery or any attempt to commit such felonies is murder. Section 97-3-27 provides that the killing of a human being by another while such other person is engaged in perpetration of any felony except rape, burglary, arson or robbery, shall be manslaughter. The proof on behalf of the state is sufficient to show that appellant and his brothers kidnapped Sallie Loreen Barker, and while engaged in the commission of this crime, she was killed by James Griffin alone without any participation by the appellant. It was not sufficient to show that appellant aided, abetted, or encouraged such killing, and the state was not entitled to its instruction to this effect. Upon a retrial of this case, if the evidence is the same as reflected by this record, the only theory upon which appellant can be convicted of the killing of Sallie Loreen Barker is that appellant in company with his brothers all having the common design to kidnap Sallie Loreen Barker and while engaged in such design, one of his associates, James Griffin, struck Loreen Barker upon the head several times with a deadly weapon, a jack handle, either with the purpose to kill her or without such purpose and as a result of said blows Sallie Loreen Barker died. Under such circumstances, it is immaterial whether the appellant struck the deceased, and the jury could find him guilty of manslaughter even though they believed that he did not personally strike the blows that killed the deceased.
The only other error assigned that we deem necessary to notice is that the state was allowed to bring out on cross examination of James Griffin, a co-indictee, that he had been tried and convicted the preceding week and found guilty of the same murder. While this evidence was brought out by the state under the guise of showing the previous conviction of James Griffin, it was done in such manner that the jury could not help knowing that James Griffin had been tried for the same offense the preceding week and found guilty. It was proper for the state to show that the witness James Griffin had been convicted of murder even though this conviction was on appeal. Nicholson v. State, 254 So.2d 881 (Miss. 1971). However, it was not proper to do so in such a manner as to inform the jury that James Griffin, a *813 co-indictee, had been tried and convicted of the same offense. See McCray v. State, Miss., 293 So.2d 807, No. 47,596, decided March 25, 1974.
For the reasons stated this case is reversed and remanded.
Reversed and remanded.
RODGERS, P.J., and SMITH, ROBERTSON and BROOM, JJ., concur.