403 So.2d 139 (1981)
Gable HENDERSON
v.
STATE of Mississippi.
No. 52804.
Supreme Court of Mississippi.
September 9, 1981.
W.E. McLellan, III, Jackson, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
PER CURIAM.
The appellant was charged, along with his twin brother, Michael Henderson, with *140 the armed robbery of the Save Chief, No. 6, Service Station at the intersection of Old Canton Road and Charity Church Road, in Madison County, Mississippi, which was robbed on the night of January 12, 1980. Approximately $2,500 in cash and coins was taken in the robbery.
The appellant, Gable Henderson, and his twin brother, Michael Henderson, were indicted in May, 1980, for the armed robbery by a grand jury convened by the Madison County Circuit Court.
The appellant, Gable Henderson, was granted a severance. Thereafter, his twin brother, Michael Henderson, was tried and convicted for his part in the robbery at the June 1980 Term of the Madison County Circuit Court. The appellant was tried and convicted on September 15, 16, 1980. The jury being unable to agree on his punishment, the trial judge imposed a twenty-five year sentence. His motion for a new trial was promptly overruled, and, feeling aggrieved, he prosecutes this appeal. We reverse and remand for a new trial.
The appellant assigns as error that "The lower court erred in not sustaining appellant's motion for a mistrial requested when the State improperly attempted to impeach defense witnesses, Ricky Scott and co-indictee, Michael Henderson, by bringing out highly prejudicial facts about each witness under the guise of impeachment, when impeachment on the facts sought to be elicited was improper."
The appeal presents the question of whether the lower court should have declared a mistrial when the defendant's witness, Ricky Scott, was improperly asked on cross-examination by the district attorney whether he had been indicted for burglary. The witness had previously answered, "No," on direct examination to the question by his attorney, "Have you ever been convicted of a felony?" Also presented is the impropriety of the district attorney inquiring, on cross-examination, of co-indictee, Michael Henderson, if the jury had convicted him for the same offense of armed robbery for which the defendant was being tried. Before an objection could be interposed, the witness answered, "Yea, because of you... ."
Objections and motions for a mistrial were immediately and timely made in both instances and the errors properly preserved.
In each instance, the trial judge very properly sustained the objection but overruled the motions for a mistrial, and in lengthy statements admonished the jury to disregard the improper questions asked by the district attorney and the answers thereto.
In most cases, when an objection is made to improper questions by a district attorney and the court sustains the motion and admonishes the jury to disregard the improper questions and evidence, we have held that any prejudice created by the questions was cured and the trial court properly overruled the motion for a mistrial. Reid v. State, 266 So.2d 21 (Miss. 1972); Thomas v. State, 285 So.2d 148 (Miss. 1973). However, in the final analysis, each case must be decided on its own peculiar facts. If the only error presented in this case was that the district attorney had inquired of the defense witness, Ricky Scott, whether he had been indicted by the grand jury for the burglary of a dwelling house, we would probably hold that the court's admonishment to the jury to disregard such statement cured any prejudice caused by the question, even though we have stated many times that similar questions by a district attorney were improper. In Haralson v. State, 314 So.2d 722 (Miss. 1975), this Court stated:
The defendant had every opportunity to discredit the witness Watkins, and the fact that the witness was charged, or thought to be guilty, of other crimes for which he had not been tried, [was] not competent evidence to further impeach the state's witness. A witness may be examined as to his interest in the case on trial or his former convictions of crime by the authority of Mississippi Code Annotated Section 13-1-13 (1972) ... but he cannot be questioned as to mere charges of the commission of offenses... . Moreover, the witness may not be asked nor proof made of the details of an alleged *141 crime said to have been committed by the witness sought to be impeached. (314 So.2d at 723-24).
We doubt very seriously whether there is a district attorney in the State who does not know that asking such a question is improper. At the same time, we recognize that there are times when the district attorney unwittingly and unintentionally falls into asking such questions. In most of those instances, where the jury is admonished to disregard the district attorney's improper question, we can safely and in good conscience hold that there was no prejudice and the trial court correctly overruled defendant's motion for a mistrial.
However, when the improper conduct is compounded by the district attorney after having heard the court's admonishment to the jury on a prior occasion with reference to the same subject matter, the prejudicial effect on the jury is sometimes so great that we have no alternative but to reverse the conviction and sentence and remand the case for a new trial. In this case, the district attorney, after hearing the court's lengthy admonition to the jury to disregard his improper question with reference to Ricky Scott's indictment for the burglary of a dwelling, he thereafter, by a question, advised the jury that the appellant's co-indictee and twin brother, Michael Henderson, had been previously convicted for his participation in the same offense for which the defendant was on trial. In Griffin v. State, 293 So.2d 810 (Miss. 1974), this Court said:
The only other error assigned ... is that the state was allowed to bring out on cross-examination of James Griffin, a co-indictee, that he had been tried and convicted the preceding week and found guilty of the same murder. While this evidence was brought out by the state under the guise of showing the previous conviction of James Griffin, it was done in such a manner that the jury could not help knowing that James Griffin had been tried for the same offense the preceding week and found guilty. It was proper for the state to show that the witness James Griffin had been convicted of murder even though this conviction was on appeal... . However, it was not proper to do so in such a manner as to inform the jury that James Griffin, a co-indictee had been tried and convicted of the same offense... . (293 So.2d at 812).
See also Pieper v. State, 242 Miss. 49, 134 So.2d 157 (1961); State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965); Buckley v. State, 223 So.2d 524 (Miss. 1969); McCray v. State, 293 So.2d 807 (Miss. 1974); Ivy v. State, 301 So.2d 292 (Miss. 1974).
The jury was made aware earlier in the trial that Michael Henderson was involved in the crime. But, it was only when the State's attorney asked Michael: "And the jury convicted you, didn't they?", and Michael answered: "Yea, because of you ... I already had my trial," that the jury became aware that he had been convicted of the same crime for which the appellant was being tried.
Under the circumstances, once the jury was apprised of the fact that Michael Henderson had previously been charged and convicted for his participation in the offense for which the appellant was being tried, the jury's verdict of guilty was such a certainty as to deny the appellant a fair trial.
We are, therefore, of the opinion that the prejudicial effect upon the jury was so great that the court's learned and lengthy admonition to the jury to disregard the improper evidence was in vain. Therefore, this cause must be reversed and remanded to the trial court for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., SMITH and ROBERTSON, P.JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.