592 So.2d 86 (1991)
Charles JOHNS
v.
STATE of Mississippi.
No. 89-KA-0705.
Supreme Court of Mississippi.
December 11, 1991.
Dissenting Opinion January 29, 1992.
*87 Herman F. Cox, Jimmy D. McGuire, McGuire & Cox, Gulfport, for appellant.
Mike C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and PITTMAN, JJ.
Dissenting Opinion of Justice Banks January 29, 1992.
PRATHER, Justice, for the Court:

I. INTRODUCTION
Charles Johns was indicted on August 25, 1988, in Pearl River County for the sale of cocaine in violation of Miss. Code Ann. § 41-29-139(a)(1) and (b)(1) (1972, as amended), a schedule II controlled substance under Miss. Code Ann. § 41-29-115(A)(a)(4), and as a second and subsequent offender under section 41-29-147.[1] After a jury trial, he was convicted and sentenced to twenty-seven (27) years in the *88 custody of the Mississippi Department of Corrections (MDC). Due to the convicted accomplice's testimony concerning her conviction on the same offense, and the ineffective assistance rendered by trial counsel, this Court reverses the conviction and remands for a new trial.

A. The Issues

I.

B. Facts and Procedural History
Charles Johns was indicted on August 25, 1988, for an offense allegedly committed on September 22, 1987, was tried on April 6, 1989, found guilty and has appealed to this Court.
Due to this Court's disposition of this case and the possible retrial, the facts are summarily set forth so as not to influence any future proceedings.
On September 21, 1987, an agent with the Mississippi Bureau of Narcotics (MBN) called Terrilyn Smith at her apartment in Picayune, Mississippi, to arrange the purchase of "an eight ball" of cocaine. The next day the agent went to Terrilyn Smith's apartment, as they had agreed the previous day, and told him she had not been able to get in touch with her supplier.
Terrilyn Smith made several phone calls and left her apartment several times to find her supplier. Finally, a red and white pickup truck pulled up at Terrilyn Smith's apartment. She went out and talked to the man driving it, and then returned to the apartment as the man drove off. She said that was her supplier and the cocaine would be ready in about ten to fifteen minutes. She left and came back with the cocaine, and the agent left the apartment.
The agent and another surveillance agent had observed the man driving the red and white pickup truck and identified the driver as Charles Johns, the defendant.
Terrilyn's account varies slightly from the agent's. She testified that when Charlie Johns drove up to the apartment and she talked to him, he told her Roger Fox, his co-worker and her boyfriend, would be home late from work. At that time she told him she needed an eight ball of cocaine. He replied he did not have it, but for her to come get it in about fifteen minutes.
On cross-examination, it was revealed that Terrilyn Smith had already been tried and found guilty for her actions in this transaction and sentenced to ten years. According to her, the only deal that had been made with the state was that if she would drop the appeal of her case, the state would not prosecute her on the second charge pending against her.
Charles Johns' version varies from both of the above. As Charles Johns left work, he drove to Terrilyn Smith's apartment, at Roger Fox's request, to tell her that Fox would be late getting home. Terrilyn Smith came out of the apartment and talked to him. He delivered Fox's message and drove home. He denied selling her any cocaine and denied she came to his house that afternoon to purchase any cocaine.

II. DISCUSSION OF THE ISSUES

A.

1. Accomplice Testimony
This Court has long held that the testimony of an accomplice must be viewed with "great caution and suspicion. Where it is uncorroborated, it must also be reasonable, not improbable, self-contradictory or substantially impeached." Jones v. State, 368 So.2d 1265, 1267 (Miss. 1979) (and numerous cases cited therein); See also Derden v. State, 522 So.2d 752, 754 (Miss. 1988); Winters v. State, 449 So.2d 766, 771 (Miss. 1984); Parker v. State, 378 So.2d 662, 663 (Miss. 1980). If the uncorroborated accomplice testimony does not suffer from these infirmities, such testimony may be found to adequately support a conviction. See, e.g., Oates v. State, 421 So.2d 1025, 1031 (Miss. 1982); Catchings v. State, 394 So.2d 869, 870 (Miss. 1981); Jones v. State, 381 So.2d 983, 988 (Miss. 1980). The trial court, in its discretion, may grant a cautionary jury instruction concerning accomplice testimony. This discretion is not absolute however, and may be abused if no cautionary instruction was given, and (1) *89 the witness was, in fact, an accomplice, and, (2) the testimony was not corroborated. Derden, 522 So.2d at 754.
Terrilyn Smith in the case sub judice, had been indicted on a separate indictment from Johns for the same crime. She had been tried and convicted prior to testifying at his trial. In essence, she was an accomplice to Johns. Her testimony was corroborated in part and uncorroborated as to other aspects. The agent substantiated her story concerning the transactions which took place inside the apartment. The second agent testified as to her movements the several times when she left the apartment. No one corroborated her testimony that she got the cocaine from Johns; however, both agents identified Johns as being the man driving the pickup truck, and the surveillance agent confirmed that the truck was at Johns' house just after Smith transferred the cocaine to the agent inside her house. This testimony tends to corroborate most of the testimony given by the accomplice.
However, her testimony was also substantially impeached on cross-examination when she admitted she told her attorney when she was arrested, that she had purchased the cocaine from a third person, since deceased, whose house was only two houses from that of the defendant.
The trial court granted the following instruction concerning accomplice testimony:
The Court instructs the jury that Terrilyn Smith is an accomplice in this case and the testimony of an accomplice is to be considered and weighed with great care and caution. You may give it such weight and credit as you deem it is entitled.
The jury is charged with the responsibility to weigh and consider the conflicting evidence and testimony adduced from witnesses. Winters v. State, 449 So.2d 766, 771 (Miss. 1984). This Court is not at liberty to set aside a jury verdict of guilty in a criminal trial and direct the defendant be discharged, "short of a conclusion on [this Court's] part that under the evidence, taken in the light most favorable to the verdict, no reasonable hypothetical juror could find beyond a reasonable doubt that the defendant was guilty." Winters, 449 So.2d at 771. Such cannot be said in the case before this Court.

2. Testimony Concerning Accomplice's Conviction
During the direct examination of Terrilyn Smith, the State elicited the fact that she had been previously convicted of a felony for the sale of a controlled substance, cocaine. On re-direct, she testified that she had not "cut any deal" with the state for her testimony at her trial; that she had gotten a ten year sentence; and that the only "deal" was that if she did not appeal her conviction, the state would not prosecute the second case against her. Also, during the direct testimony of the agent, while he was testifying concerning the chain of custody for the cocaine, he was asked by the State:
Q. And, of course, Terrilyn Smith hadn't been charged with that; has she?
A. With what?
Q. With this charge that this defendant's being tried on today?
A. Yes, sir, she's already been tried and convicted on that charge.
Q. On this charge?
A. Yes, sir.
Q. The 22nd?
A. Yes[,] sir.
[Emphasis supplied].
The appellant alleges this prejudiced the jury, and also complains that the state bolstered her testimony through the testimony of the agent. Trial counsel for the defense did not object at any time during any of this examination.
It has been the long standing rule that a contemporaneous objection is necessary in order to preserve an error for appeal. Mackbee v. State, 575 So.2d 16, 30 (Miss. 1990); Handley v. State, 574 So.2d 671, 682 (Miss. 1990); Singleton v. State, 518 So.2d 653, 655 (Miss. 1988) (and cases cited therein). But cf. Griffin v. State, 557 So.2d 542, 551-54 (Miss. 1990) (Contemporaneous objection is not needed where defendant has been denied a fundamentally fair *90 trial.)[2] No such objection was made in the case at hand; therefore, absent the denial of a fundamentally fair trial, any error is waived.
The law is well settled that,
where two or more persons are jointly indicted for the same offense but are separately tried, a judgment of conviction against one of them is not competent evidence on the trial of the other because such plea of guilty or conviction is no evidence of the guilt of the party being tried. State v. Thornhill, 251 Miss. 718, 171 So.2d 308 (1965); Pieper v. State, 242 Miss. 49, 134 So.2d 157 (1961); Pickens v. State, 129 Miss. 191, 91 So. 906 (1922).
Buckley v. State, 223 So.2d 524, 528 (Miss. 1969). Relying upon this rule in Henderson v. State, 403 So.2d 139, 141 (Miss. 1981) this Court reasoned:
In Griffin v. State, 293 So.2d 810 (Miss. 1974), this Court said:
The only other error assigned ... is that the state was allowed to bring out on cross-examination of James Griffin, a co-indictee, that he had been tried and convicted the preceding week and found guilty of the same murder. While this evidence was brought out by the state under the guise of showing the previous conviction of James Griffin, it was done in such a manner that the jury could not help knowing that James Griffin had been tried for the same offense the preceding week and found guilty. It was proper for the state to show that the witness James Griffin had been convicted of murder even though this conviction was on appeal... . However, it was not proper to do so in such a manner as to inform the jury that James Griffin, a co-indictee had been tried and convicted of the same offense. ... (293 So.2d at 812).
[Emphasis added] [citations omitted].
The jury was made aware earlier in the trial that Michael Henderson was involved in the crime. But, it was only when the State's attorney asked Michael: "And the jury convicted you, didn't they?", and Michael answered: "Yea, because of you ... I already had my trial," that the jury became aware that he had been convicted of the same crime for which the appellant was being tried.
Under the circumstances, once the jury was apprised of the fact that Michael Henderson had previously been charged and convicted for his participation in the offense for which the appellant was being tried, the jury's verdict of guilty was such a certainty as to deny the appellant a fair trial.
[Emphasis added].
The law is analogous with respect to a co-indictee as well as an accomplice in this respect.
In the case sub judice, the jury became aware through the testimony of Smith and the agent that she had been tried and convicted of a felony. It was apparent from the testimony that the offense for which she was convicted occurred the same day as the offense for which Johns was on trial. Owens' testimony further revealed that the same packet of cocaine had been used as evidence in Smith's trial. Although no contemporaneous objection was made, in these circumstances, as in Henderson and Griffin v. State, 293 So.2d 810 (Miss. 1974), the testimony was error, and the defendant was, as a result, denied a fair trial. Therefore, the error can be addressed on appeal absent a contemporaneous objection. Griffin v. State, 557 So.2d 542, 551-54 (Miss. 1990).
As in Griffin v. State, 293 So.2d 810 (Miss. 1974), it was proper to bring out that Smith had been convicted of a felony. It was, however, improper to inform the jury she had been convicted of the same offense for which Johns was being tried. Under Henderson v. State and Griffin v. State, 293 So.2d 810 (Miss. 1974), the admission of the testimony regarding Smith's conviction denied Johns a fair trial and is reversible error. Although this error was *91 not objected to below, it is assigned on this appeal by Johns' subsequent counsel as a part of ineffective assistance of trial counsel. Therefore, it is proper for the Court's review.

B.

Defendant was Denied His Sixth Amendment Right to Effective 
Assistance of Counsel By:

Failure of trial counsel to object to testimony submitted by the state that the accomplice, Terrilyn Smith, had been tried and found guilty on the subject offense.
The test for ineffective assistance of counsel was set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this Court in Stringer v. State, 454 So.2d 468 (Miss. 1984), cert. denied, 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985). All such claims must be analyzed under these standards. The two-prong test developed in Strickland requires the convicted defendant prove the following:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. (Emphasis added).
Strickland, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693; Stringer v. State, 454 So.2d 468, 477 (Miss. 1984). The burden rests then, on the movant. Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985).
Under Strickland's first prong, a strong presumption exists that counsel's conduct did fall in the range of reasonable professional assistance; and, to overcome this presumption, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. In other words, the defense counsel is presumed competent. Cabello v. State, 524 So.2d 313, 315 (Miss. 1988); Johnson v. State, 476 So.2d 1195, 1204 (Miss. 1985).
Under the second prong, if the attorney's conduct is "professionally unreasonable" the judgment will still stand "if the error had no effect on the judgment." Strickland, 466 U.S. at 691, 104 S.Ct. at 2066, 80 L.Ed.2d at 696; Cabello, 524 So.2d at 315; See also Irving v. State, 498 So.2d 305, 317 (Miss. 1986); Perkins v. State, 487 So.2d 791, 793 (Miss. 1986). There is then, no constitutional right to error free counsel. Cabello, 524 So.2d at 315.
Johns' appellate counsel claims his trial counsel was ineffective because he did not object at trial to the testimony concerning Smith's conviction. As has already been discussed, this testimony was highly prejudicial, and its admission was reversible error.
Although under Strickland this Court presumes counsel's performance was competent, counsel posed no objection to the testimony of Smith or of the agent concerning Smith's conviction. Since the testimony in question denied Johns a fair trial and is reversible error, the first prong of Strickland has been met. The testimony would not have been admitted for consideration by the jury "but for" trial counsel's error. The testimony resulted in the denial of a fundamentally fair trial which affected the judgment and fulfills the second prong of Strickland. The jury's verdict was tainted and unreliable because of counsel's ineffective performance.
Although other issues were raised on appeal, since the case must be reversed for a new trial and these assignments of error *92 may not recur, this Court does not address them. This case is reversed and remanded for a new trial.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., and ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
BANKS, J., dissents with separate written opinion joined by HAWKINS, P.J.
BANKS, Justice, dissenting:
Presently before us, is another of those cases involving drugs, shaky evidence and a long sentence. The only evidence connecting the defendant to the crime is the testimony of the person who admittedly sold the drugs. Her testimony was impeached by prior contradictory statements and by the suggestion that some leniency with regard to where she served her sentence motivated her tale. Unfortunately for Johns, however, we have held that such testimony, if believed by a jury, is sufficient to support of a conviction. Doby v. State, 532 So.2d 584, 591 (Miss. 1988); Mason v. State, 429 So.2d 569, 571 (Miss. 1983); Ragland v. State, 403 So.2d 146, 147 (Miss. 1981); Jones v. State, 381 So.2d 983 (1980) citing Lifer v. State, 189 Miss. 754, 199 So. 107 (1940). As is often the case, when confronted with one accused with trafficking in drugs, especially one who does not testify, the jury believed the worst. Absent error we are duty bound to uphold that conviction. The majority finds error, where on closer inspection, there is none. With great deference, I dissent.
The majority reverses here because the prosecutor brought out on re-direct that its only witness connecting defendant Charles Johns to this crime, Terrilyn Smith, was convicted of sale of cocaine in connection with the transaction here in question. The majority excuses the fact that the defendant did not object. More importantly, it neglects to note that on cross-examination the defendant took great pains to point out to the jury that the witness had made a deal with the prosecutor to stay in the local jail rather than be sent to Parchman, suggesting that as a motive for her testimony. It was clear that her conviction arose out of the activity in question, or activity closely related to it. Indeed, there was no question at all that Smith sold dope and, sold the dope in question. The only question is whether she received the dope from Johns. It harmed Johns not at all for the jury to learn that Smith was convicted of selling the dope. She admitted to selling the dope.
The cases cited by the majority in support of its position are distinguishable. In each case the co-indictee was testifying for the defendant or it was undisputed that the two were together and the only question was what transpired. In Buckley v. State, 223 So.2d 524 (Miss. 1969), the co-indictee testified at the first trial on behalf of the defendant; at the second trial, he changed his testimony and testified for the state. There was, however, no question that the defendant and co-indictee were together at the time of the crime. Moreover, there the witness had testified differently at the first trial and this Court determined that under the circumstances there existing the prosecutor was attempting to improperly bolster the perjurer's testimony.
In Henderson v. State, 403 So.2d 139 (Miss. 1981) and in Griffin v. State, 293 So.2d 810 (Miss. 1974), the co-defendant testified for the defense. Improper bolstering was not at issue. Although the opinions do not disclose the nature of the testimony in Henderson, in Griffin and presumably in Henderson, the witnesses gave testimony which supported the defense theory of the case and proclaimed the innocence of both. It was thus clear that the information that another jury had chosen not to believe the story of their mutual innocence was prejudicial.
Here, Johns and Smith were not co-indictees. True, they were charged in trafficking with regard to the same item and could have been indicted together, but they were not. More importantly, however, there is no evidence establishing a connection between Johns and the witness except her testimony. Her participation in the crime *93 was admitted by her. She proffered no claim of innocence, the refutation of which by a prior jury would prejudice Johns. It would come as a surprise if she had not been convicted. The fact of her conviction adds nothing at all to Johns' prejudice.
Because I can find no legal justification for reversing this conviction, I would affirm.
HAWKINS, P.J., joins this dissent.
NOTES
[1] Miss. Code Ann. § 41-29-147 (1972). Second and Subsequent offenses.

Any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.
For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.
[2] This case and another case used herein bear the same style. To avoid confusion, full cites are supplied for both cases throughout this opinion.