626 So.2d 114 (1993)
Timothy BROWN
v.
STATE of Mississippi.
No. 91-KA-0059.
Supreme Court of Mississippi.
October 21, 1993.
Martin A. Kilpatrick, Greenville, for appellant.
Michael C. Moore, Atty. Gen., John R. Henry Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and JAMES L. ROBERTS Jr. and SMITH, JJ.
SMITH, Justice.
On September 15, 1990, Timothy Brown was convicted of murder in the Circuit Court of Washington County, Mississippi. Brown had been charged with the January 2, 1990, murder of Broderick Keith Jason. Brown shot Jason outside the Zodiac nightclub in Greenville. There were several witnesses to the shooting.

FACTS
With his present counsel Brown moved for judgment notwithstanding the verdict or, alternatively, for a new trial and the motion was denied on October 22, 1990. Brown's argument is that his trial counsel erred in initially arguing that the case was one of self defense.
Brown contends that his trial counsel was ineffective for arguing that "this case can be described in one phrase  self-defense." Also, Brown's trial counsel is faulted for having initially proposed two self-defense instructions and then having no argument as to why they should be granted. Both instructions were refused by the court.
The issue on appeal is stated as:
WHETHER HE [BROWN] HAD EFFECTIVE REPRESENTATION BY COUNSEL AT HIS TRIAL.

DISCUSSION OF ISSUE AND LAW
Clearly, from hindsight, this was not a case in which a self-defense argument would have had a strong possibility of success. Only from Brown's own testimony could this conclusion be drawn. The prosecution witnesses were consistent in testifying *115 that Brown initiated the confrontation that lead to Jason's death.
In determining the merits of a claim of ineffective assistance of counsel this Court follows the two-pronged test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as adopted by this Court in Stringer v. State, 454 So.2d 468 (Miss. 1984), cert. denied, 469 U.S. 1230, 105 S.Ct. 1231, 84 L.Ed.2d 368 (1985). The first prong provides that the movant "must show that the counsel's performance was deficient and that the deficient performance prejudiced the defense." The second prong of the test requires the movant to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."
The analysis begins with a strong presumption that counsel's conduct fell in the range of reasonable professional assistance or, in other words, the attorney is presumed competent. Johns v. State 592 So.2d 86, 91 (Miss. 1991); Cabello v. State, 524 So.2d 313, 315 (Miss. 1988); Johnson v. State, 476 So.2d 1195, 1204 (Miss. 1985). The burden rests on the movant to prove otherwise. Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985). The movant must also prove both prongs of the test. Mohr v. State, 584 So.2d 426, 430 (Miss. 1991); Handley v. State, 574 So.2d 671 (Miss. 1990).
The deficiency and the alleged prejudice flowing from this deficiency were never clearly developed in the appeal. While trial counsel's strategy was not successful, that is not the standard requiring reversal. Appeal counsel has not persuasively shown that trial counsel's arguments and strategy were deficient as judged from the time offered.
The second prong of Strickland avails Brown little. There is no significant probability that the result would have been different but for the alleged errors of trial counsel.

CONCLUSION
Brown's conviction and sentence is affirmed. Under the analysis of Strickland the performance of Brown's trial counsel was not so deficient that it can be affirmatively said that Brown was prejudiced by the choice of defenses. The evidence against Brown was substantial. There is no probability that but for the alleged errors the result would have been different.
CONVICTION OF MURDER AND A LIFE SENTENCE IN THE MISSISSIPPI DEPARTMENT OF CORRECTIONS FACILITY IS AFFIRMED.
HAWKINS, C.J., and DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, BANKS, McRAE and JAMES L. ROBERTS, Jr., JJ., concur.
PITTMAN, J., not participating.