LEE, C.J.,
for the Court:
PROCEDURAL HISTORY
¶ 1. Jason Foxworth was found guilty in the Circuit Court of Harrison County of capital murder. He was sentenced to life in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole.
¶ 2. Foxworth now appeals his conviction, asserting two issues: (1) reversible error occurred when the State told the jury in its opening statement that Steven Lamar Fairley, a co-defendant, had pleaded guilty to armed robbery in the same crime, and (2) the trial court committed reversible error in failing to grant either of his two motions to continue the trial date. Finding no reversible error, we affirm.
FACTS
¶ 3. Tavares Turner testified that he was holding approximately $10,000 cash for his roommate, Michael Williams, to purchase a car. Turner’s coworker, Fairley, had an antique car for sale for $8,000. Turner told Fairley that he was holding a large amount of cash for Williams. Fairley told Foxworth about the cash. According to Fairley, Foxworth encouraged him to rob Turner before Turner had a chance to spend the cash.
¶ 4. One evening, Foxworth, Fairley, Mark Kee Brown, and an unidentified male met up and drove to Turner’s home in D’Iberville, Mississippi. When they arrived, Fairley went inside, and he and Turner sat down to talk and watch television. Turner’s cousin, Lenny Jackson, and Turner’s uncle, Larry Turner (Larry), were also in the home. A few minutes later, Foxworth, Brown, and the unknown man entered the home and began asking: “Where the money at?” The three men were armed. They ordered Turner, Fair-ley, and Jackson to get on the ground. *19 They kicked both Turner and Jackson in the head and demanded the money. Larry was taken into another room and shot in the neck. Larry subsequently died. Turner told the men that the cash was in his pocket in a sock. They took the sock and left.
DISCUSSION
I. CO-INDICTEE’S GUILTY PLEA
¶ 5. Prior to Foxworth’s trial, Fair-ley pleaded guilty to a reduced charge of armed robbery and was sentenced to twenty years in the custody of the MDOC. Fairley testified at Foxworth’s trial. During the State’s opening statement, the following exchange occurred:
[State]:.... Ladies and gentlemen, we’ll also have testimony in this case that Mr. Fairley was charged with this crime, I want to tell you this up front, and he pled to an armed robbery charge.
[Foxworth’s attorney]: Your Honor, we object to that, if the Court please. We object to that, Your Honor, and we move for a mistrial.
THE COURT: Overruled. Overruled. [State]: He’s currently serving a sentence in the penitentiary for his action ....
¶ 6. At the conclusion of the State’s opening statement, the trial court discussed the motion for a mistrial with the attorneys outside the presence of the jury. In overruling the motion, the trial court found: “The [S]tate has a right to anticipate defenses and to discuss those defenses in their opening statement.” The trial proceeded. Foxworth’s counsel attacked Fairley’s credibility during the defense’s opening statement.
¶ 7. The following morning, Foxworth renewed his objection and motion for a mistrial. A lengthy discussion ensued outside the presence of the jury. In denying the motion for a mistrial, the trial judge stated:
I am at this time going to overrule the renewed motion for a mistrial. However, I’m going to direct that the [S]tate be prohibited from inquiring on direct examination whether or not Mr. Fairley has entered any type of plea or been adjudicated on any type of underlying felony of armed robbery or the fact that he was a co-indictee and charged in this case.... So if the statement was improper and error, I think, taken in the totality of the circumstances and the evidence that this Court anticipates to be elicited from Mr. Fairley, it was harmless error. If Mr. Fairley does not testify, then I will allow the defense to renew that motion for a mistrial....
¶ 8. Foxworth is correct that evidence of a co-defendant’s guilty plea or conviction is generally inadmissible “because such plea of guilty or conviction is no evidence of the guilt of the party being tried.” Buckley v. State, 223 So.2d 524, 528 (Miss.1969). However, further analysis is necessary to determine whether reversible error occurred in this case.
¶ 9. We find the cases of Clemons v. State, 732 So.2d 883 (Miss.1999) and White v. State, 616 So.2d 304, 308 (Miss.1993) instructive on whether the State’s comments should have resulted in a mistrial. In Clemons, Bobby Clemons was convicted by a jury of three counts of murder. Clemons, 732 So.2d at 884-85 (¶ 1). His co-indictee, Timothy Sudberry, was called by the State to testify at Clemons’s trial. Id. at 890 (¶ 27). On direct examination, Sud-berry stated that he had pleaded guilty to accessory after the fact to the same crime for which Clemons was on trial. Id. On appeal, Clemons argued that he was denied the right to a fair trial because of Sudberry’s testimony. Id. Clemons cited *20 to Johns v. State, 592 So.2d 86 (Miss.1991), wherein the Mississippi Supreme Court found reversible error where a co-indictee testified that a jury had found her guilty of the same crime for which the defendant was being tried. Id. at 91-92. In Johns, the reversal was based on ineffective assistance of counsel for the defense counsel’s failure to object to the co-indictee’s testimony. Id. In affirming the verdict against Clemons, the supreme court found Johns distinguishable. Clemons, 732 So.2d at 890 (¶ 29). In Clemons, the supreme court stated:
The danger at issue in [ Johns ] is that one jury would rely upon the judgment of a prior jury in reaching its decision. The present case is distinguishable, however, because the case sub judice deals with a plea of guilty; that is, a prior admission of guilt, which is consistent with the testimony at trial. This is a significant distinction because prior statements have evidentiary value different from prior findings of other tribunals.

Id.

¶ 10. In White, the State told the jury during an explanatory statement that two co-conspirators had pleaded guilty to the same crime for which Joan White was on trial. White, 616 So.2d at 305. The co-conspirators had not yet testified. Id. White moved for a mistrial, which was denied. Id. The supreme court found the statements should have been excluded because “the prosecutor jumped the gun.” Id. at 308. However, no reversible error was found. Id. The supreme court noted the credibility of the co-conspirators was central to the case, and “[i]t would strain credulity to suggest that, but for the introduction of the guilty plea, this attack on [the co-conspirators] would not have been made.” Id. The court also noted the guilt of the co-conspirators was not a disputed fact at trial. Id.
¶ 11. The State mentioned Fairley’s guilty plea in its opening statement long before Fairley’s credibility was attacked. While the statement was premature, we cannot find it to be reversible error. First, opening statements are not evidence. Second, the trial court instructed the State to refrain from questioning Fair-ley about the guilty plea on direct examination. The State complied, and Fairley’s guilty plea was not discussed further during the trial. Third, the trial court stated that it would reconsider the motion for a mistrial if Fairley did not testify. Finally, Foxworth failed to show how he was prejudiced by the comments made during the opening statement.
¶ 12. Fairley’s guilty plea was not discussed in opening statement as evidence of Foxworth’s guilt; rather, the statement went to Fairley’s credibility. Regardless, the trial court proceeded appropriately in instructing the State to refrain from further comments regarding the guilty plea. Fairley testified and was thoroughly cross-examined on his involvement in the crime. While Fairley’s guilty plea was not mentioned again after opening statements, Fairley’s guilt was not disputed. Fairley admitted he returned to the crime scene approximately an hour after the shooting, was taken into custody, and gave a statement to the police. We find this issue is without merit.
II. CONTINUANCE
¶ 13. On November 2, 2007, and November 9, 2007, Foxworth filed motions to continue his trial, which was scheduled for November 13, 2007. In his second motion, Foxworth argued he needed additional time to prepare for trial as he had “only recently received additional discovery from the prosecution including *21 the autopsy report, audio tapes[,] and photographs.” A hearing was held on the motion.
¶ 14. The new photographs received by Foxworth’s counsel were color photographs that had previously been given to him in black and white. There were also approximately twenty photographs submitted that had not been previously given to defense counsel. These photographs were of the deceased victim at the crime scene. The trial court excluded the photographs that had not been previously given to Fox-worth. As for the audio tapes, Foxworth’s counsel admitted he had been provided a transcript of the tapes during discovery. The trial court instructed Foxworth’s counsel to bring any discrepancies between the audio tapes and transcripts to the court’s attention before trial. The autopsy report was not discussed at the hearing, and there is no evidence that Foxworth did not receive the autopsy report in a timely manner. Even if Foxworth first received the autopsy report on November 9, this still gave him until November 13 to review the report. Further, the victim’s manner of death was not disputed by the parties, and Foxworth did not argue any prejudice regarding when he received the autopsy report.
¶ 15. “The standard of review to grant or deny a motion for continuance is within the sound discretion of the trial court and will not be grounds for reversal unless shown to have resulted in manifest injustice.” Payton v. State, 897 So.2d 921, 931 (¶ 11) (Miss.2003). We cannot find the trial court abused its discretion in denying Foxworth’s motions for continuance. There has been no showing of manifest injustice. This issue is without merit.
¶ 16. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT THE POSSIBILITY OF PAROLE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS AND RUSSELL, JJ„ CONCUR. MAXWELL, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES AND CARLTON, JJ. MYERS, J., NOT PARTICIPATING.