232 So.2d 368 (1970)
Robert Earl IVEY
v.
STATE of Mississippi.
No. 45691.
Supreme Court of Mississippi.
March 2, 1970.
Jon A. Swartzfager, Laurel, for appellant.
A.F. Summer, Atty. Gen., by G. Garland Lyell, Jr., Asst. Atty. Gen. and Wade H. Creekmore, Jr., and James H. Creekmore, Sp. Asst. Attys. Gen., Jackson, for appellee.
*369 ROBERTSON, Justice.
The appellant, Robert Earl Ivey, was indicted along with Abner Williams and Jessie Jefferson of the crime of armed robbery. He was separately tried, and convicted in the Circuit Court of Jones County, Mississippi, and sentenced to seven years in the state penitentiary.
The only difference in this case and the companion case of Williams v. State of Mississippi, Miss., 232 So.2d 366, this day decided by this Court, is that the appellant, Robert Ivey, was twenty years old at the time of the trial, took the stand in his own defense, and did not actually use a knife in the robbery of Joe Booth and and Edward Lee Booth.
He took an active and aggressive part in the robbery of the Booths. Abner Williams, one of his companions, did hold a long-bladed knife at the throat of Edward Booth, while appellant beat up and robbed Joe Booth. Otherwise, the facts in the two cases are the same. See Williams v. State, supra, for a full and detailed statement of the facts.
The appellant contends that: the trial court erred in refusing the appellant's instruction limiting the jury in its deliberations to robbery only, and that the court erred in admitting the torn shirt of the prosecuting witness Joe Booth since the shirt had been laundered.
There is no merit in either of these contentions. The appellant was a principal in the crime of armed robbery. He was positively identified as one of the three actively engaged in the robbery. All three acted jointly and in concert; each was responsible and accountable for the wrongful actions of the other two.
The shirt was positively identified by Joe Booth as the one he was wearing at the time of the beating and robbery. He testified that it was torn and a button pulled off when he was beaten and robbed.
In Triplett v. State, 159 Miss. 365 at 371-372, 132 So. 448 at 450 (1931), "[t]here was an objection to the admission in evidence of a jumper worn by the deceased at the time of the killing which had supposedly been washed and blood stains removed, * * *." This Court ruled:
"We have examined this assignment and think it is without merit. The evidence showed that the jumper outside of being washed was in the same condition, but *370 even if it had been erroneously admitted, there is nothing to show, in the light of the evidence in the record, that it had any misleading influences upon the jury. * * *" (Id. at 372, 132 So. at 450.)
The same observation could be made in this case. Outside of being washed, the shirt was in the same condition as it was at the time of the robbery.
The judgment is affirmed.
Affirmed.
GILLESPIE, P.J., and PATTERSON, INZER, and SMITH, JJ., concur.