ROBERTSON, Justice.
The appellant, Abner Williams, was indicted, tried and convicted in the Circuit Court of Jones County, Mississippi, of the crime of armed robbery. He was sentenced to serve a term of sixteen years in the state penitentiary.
The principal contentions of the appellant are: that the trial court erred in refusing to strike the testimony of Napoleon Evans, a Negro policeman, because he failed to give the appellant the warnings required under Miranda,', and that the trial court erred in imposing a grossly excessive sentence under the facts of this case.
Joe Booth, a Negro about 65 years of age, together with his 17-year-old cousin, Edward Lee Booth, left Collins in his 1967 Mustang on the evening of December 8, 1968, for Laurel, Mississippi, to enjoy a night on the town. The festivities were concluded at Blade’s Drive-In about 3 a. m.
As Joe Booth drove down Meridian Avenue in Laurel, he was flagged down by a Negro man. When he stopped he was advised in no uncertain terms that this was a holdup. Two men pulled Joe Booth out of the car, beat him up and robbed him of about fifteen dollars. The appellant put a long-bladed knife to the throat of Edward Lee Booth, went into his pocket and took all that he had, namely, thirty-five cents and a can of Prince Albert tobacco. Appellant asked Edward Booth if he believed that he would cut his throat, and Booth replied that he did. One of the three took a black felt hat from Joe Booth. The appellant and his two companions departed the scene in an old model car. Joe and Edward Booth then drove to a filling station and phoned police. They informed the police that the persons who had robbed them departed in an old model grayish or whitish Plymouth, Dodge or DeSoto with noticable tail fins.
Policemen Evans and Hill had just come on duty at 3 a. m. and heard over their police radio about the robbery and a description of the car. Evans recalled that there were about four cars of that general description owned by Negroes in Laurel. They drove by the homes of two of the owners of such cars but did not see the automobiles. As they passed Howard’s Cafe, they noticed an automobile of the general description parked there.
Patrolman Evans went into the cafe and asked appellant if that was his car parked out in front. He also asked him if the car had been in his sole possession that night and to whom the hat on the back seat of the car belonged. Evans and his *368 fellow patrolman returned to their police car in time to receive over their radio an inquiry of whether they knew about the robbery. Evans informed headquarters that they had located a car meeting the description and asked that the victims be brought down to the cafe.
Joe Booth identified the car, looked through the rear window and identified the hat on the back seat as his. The Booths were then taken inside the cafe and there positively identified the appellant and his two companions as being the men who robbed them. The appellant and his two companions were then arrested and brought to police headquarters. Due to the diligence of Policeman Evans, all three were apprehended within an hour after the robbery.
There is nothing to the contention of the appellant that he was not given the Miranda warning before being asked about the car parked outside. At the time Evans asked the appellant if that were his car, if he had had it all night, and if that were his hat on the back seat, the appellant was not in custody, had not been arrested, and was not being restrained in any shape, form or fashion. Evans was merely investigating, he was not accusing.
The United States Supreme Court in Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694, 706, 10 A.L.R.3d 974, 993 (1966), said this:
“Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this: the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. * * * ” (Emphasis added.)
The trial court was correct in not striking the testimony of Evans. This testimony was clearly not proscribed in Miranda; it passed all the tests therein imposed.
As to the severity of the sentence, it must be kept in mind that for robbery the minimum sentence is three years and the maximum is death. § 2367 Miss.Code 1942 Ann. (1956). The appellant held a long-bladed knife at the throat of Edward Booth while he robbed him. This was a very serious offense. The sentence imposed was well within the statutory limits.
The judgment of the trial court is therefore affirmed.
Affirmed.
GILLESPIE, P. J., and PATTERSON, INZER and SMITH, JJ., concur.