SUGG, Justice:
Appellant was indicted with three other persons for the crime of armed robbery. He was tried separately and convicted in the Circuit Court of Forrest County, Mississippi, and sentenced to 15 years in the State Penitentiary.
Appellant assigns as error the following:
1. The court erred in overruling his motion for a directed verdict.
2. The court erred in accepting the jury’s verdict as being contrary to the weight of the evidence.
3. The court erred in overruling appellant’s motion to quash the jury on the ground that Section 1762 Mississippi Code 1942 Annotated (1956) is unconstitutional because it requires the circuit judge, in qualifying jurors, to ask the jurors if they have been convicted of an infamous crime or the unlawful sale of intoxicating liquors within the past five years, thus denying appellant a trial by an impartial jury.
4. The court erred in permitting the district attorney to repeat the same question to the victim of the robbery as to the fear that the victim had on the occasion of the robbery and to permit the victim to repeat profanity used by one of the principals at the time of the robbery.
The first two assignments of error will be treated together because they deal with the sufficiency of the testimony offered by *812 the State to support the crime charged in the indictment.
The proof shows that Billy Mitchell, a Deputy Sheriff of Forrest County, Mississippi, was serving as night jailer at the Forrest County jail in July, 1971. When he made his rounds at about 2:00 a. m. appellant, who was a prisoner in the Forrest County jail, removed the wallet of the witness which contained $16.00 cash and a check in the amount of $94.60, while another prisoner held a knife at the throat of the witness.
Appellant argues that since he did not hold the knife he should not be convicted of armed robbery.
This question was answered in Ivey v. State, 232 So.2d 368 (Miss. 1970), where we stated:
The appellant was a principal in the crime of armed robbery. He was positively identified as one of the three actively engaged in the robbery. All three acted jointly and in concert; each was responsible and accountable for the wrongful actions of the other two. (232 So.2d at 369).
Since the appellant was a principal in the crime of armed robbery, the court properly refused his request for a directed verdict. The evidence was sufficient to support the verdict of the jury, and, in fact, was so overwhelming as to the guilt of appellant, it would be difficult to understand how reasonable and impartial jurors could have returned a verdict other than guilty. Appellant’s motion for a new trial was properly overruled.
In assignment of error No. 3 appellant argues that his constitutional right to a jury of his peers was violated by the exclusion of persons convicted of infamous crime and bootleggers as required under Section 1762 Mississippi Code 1942 Annotated (1956).
In State v. Hull, 187 So.2d 861 (Miss. 1966) we held that the power to prescribe the qualifications for jurors rests with the Legislature and that it has power to make reasonable classifications. See 50 C.J.S. Juries § 142 at 866-867 (1957).
The right to a jury of one’s peers does not entitle him to a jury which includes convicted felons or bootleggers, and the Legislature has a right to impose reasonable qualifications for jurors when such qualifications do not violate the constitutional rights of accused persons to be tried by an impartial jury. No error was committed by the trial court in qualifying the jury as required by statute,
Appellant, by his fourth assignment of error, seeks reversal because of repetitious questions propounded to the witness Mitchell by the district attorney. While it is true the witness repeated profanity used by one of the principals in the crime several times, this arose from an obvious misunderstanding of the questions asked by the district attorney and the witness gave the same response several times. The trial court should prevent repetitive questions and responses, but a failure to do so is not reversible error unless the result would be to prejudice the minds of the jurors. The mode of examination of a witness allowed by the trial court will not be criticized or reviewed unless gross injustice resulted therefrom. We hold that error was not committed by the trial court by permitting the examination as shown by the record. 58 Am.Jur. Witnesses § 555 (1948).
Affirmed.
GILLESPIE, C. J., and JONES, PATTERSON and SMITH, JJ„ concur.