493 So.2d 1295 (1986)
Nathaniel MOORE
v.
STATE of Mississippi.
No. 56382.
Supreme Court of Mississippi.
September 3, 1986.
*1296 Pat Donald, Morton, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before WALKER, C.J., and DAN M. LEE and GRIFFIN, JJ.
DAN M. LEE, Justice, for the court:
Nathaniel Moore was convicted of armed robbery in the Circuit Court of Scott County on March 12, 1985. He was sentenced to thirty (30) years. Moore seeks to have this conviction reversed on the basis of the trial court's admission of a confession made after an allegedly illegal arrest, and on its refusal to instruct the jury on lesser included offenses. We find no merit to these assigned errors, and affirm the conviction and sentence.

FACTS
On September 27, 1984, Verna Lee Gatewood was driving his tractor on a dirt road on his farm when he was accosted by two men wearing ski masks. According to Gatewood, the men were both armed with handguns, which they pointed at his head and demanded his wallet. The assailants took his billfold containing $170.00 and his Quartz watch, then forced him to lie on the ground while they bound his hands, feet, and mouth with tape and cloth from one of the robbers' sweatshirt.
As the robbers left, Gatewood heard them say they were going to his store, where Gatewood's wife was, alone. After waiting about five minutes, Gatewood retrieved his pocketknife and cut his bindings enough to be able to drive his tractor. He alerted some neighbors and then drove his tractor to the store.
Gatewood could only describe the robbers as two black men, although he did note that one was lighter-skinned than the other. One of the men had holes cut in his ski mask for his eyes and mouth, while the other (later identified as Moore) only had holes cut in his ski mask for his eyes. Although Gatewood could not identify Moore as one of the robbers at the preliminary hearing, he did identify him at trial. "I could put it together now the way he walks and his motions and so forth."
Sheriff Glenn Warren arrested Moore on October 15, 1984, on a John Doe warrant. The basis for the arrest was information given to Warren by Larry Carbins. Carbins, who is the defendant in another armed robbery case involving Gatewood, is the brother of Ricky Chisholm, who allegedly participated with Moore in this robbery. No one else had made a statement to Warren regarding Moore, not did Warren have any physical evidence linking Moore to the crime. On direct examination, Warren testified that the information came from *1297 "someone whose information had proved reliable in the past." However, on cross-examination, Warren testified that he "did not consider Larry Carbins a reliable person."
Moore made one telephone call after he was arrested on October 15. He was interrogated that evening, but did not want to talk. He was also interrogated the next evening, again without success. However, on the third night, Moore executed a Waiver of Rights form and made this statement:
On 9-27-84 Ricky Chisolm and myself (Nathaniel Moore) left Morton and we went up to Mr. Vern lee Gatewood on the Contrell Road, and we parked the car on a dirt road, and started through the woods. We were going to rob Mr. Gatewood's store, and we met Mr. Gatewood coming through the woods on his tractor, and Ricky pulled a gun on Mr. Gatewood and made him get off the tractor, and Mr. Gatewood got off the tractor with his hands up and begged us not to kill him. We made him lay down on the ground, and we took his billfold, and I tore my shirt up, and I tied his feet and Rickey tied his hands. The black mask is mine, and the red mask is Ricky's. When we left, we waited for Mr. Gatewood, and we heard him leave on his tractor, and we ran on back to the car and left. We rode back to Paul Chambers' store, then turned and went to Harperville and got some gas, and then we left there and went back to Morton, Mississippi.
Moore was tried on March 12, 1985. He moved to suppress the statement given to the sheriff, on the grounds that his arrest was illegal, that he was denied the right to an attorney, and that the statement was involuntary. However, the statement was admitted, the court finding that warnings were properly given, that the defendant understood his rights, that the information from Carbins gave the sheriff probable cause for arrest, that Moore had made a phone call, and that the statement was voluntary.
At trial, Sheriff Warren admitted that Moore had never admitted to having a gun, that there never was a lineup, that Gatewood could only identify his assailant as black, giving approximate height and color, that Gatewood's watch had never been recovered, and that no gun was recovered from Moore.
Nathaniel Moore also testified at trial. He denied robbing Gatewood, and explained his statement as follows: "I have never been in trouble in my life, and I was scared stiff. I didn't know what to do. They kept bringing me down. I just told them, well, if I tell them anything, maybe they will just let me alone." He also alleged that Sheriff Warren had told him to confess, so they could plea bargain and go light on him. According to Moore, Warren told him that Gatewood had already identified his picture. When Moore asked for a lawyer, he testified that Warren told him that it would take 2-3 weeks to appoint one, and that he would sit in jail until he confessed. Moore first alleged that he gave the statement under coercion. "I thought if I tell him that, maybe they would catch the robber who did it, and maybe I would be set free." However, he later testified that he did not tell the sheriff anything that was in the statement. He stated that he did not know Ricky Chisolm, although he does know someone named "Pork Chop."
At the close of the trial, the defense submitted an instruction on larceny, and one on strong armed robbery. The basis for their submission was that no gun was taken from the defendant, nor was one mentioned in his statement. The instructions were refused, the court reasoning "The evidence in this case for the state is that of armed robbery. Upon what theory can I give the defendant a lesser included offense of either grand larceny or strong armed robbery, when he says he doesn't know anything about it?"
The jury found Moore guilty and the court sentenced him to thirty (30) years.

*1298 THE LAW

I. FAILURE TO SUPPRESS THE CONFESSION
Moore's first assignment of error is that his statement made to Sheriff Warren is inadmissible as involuntary, and the product of an illegal arrest. This Court has held, as recently as Henry v. State, 486 So.2d 1209 (Miss. 1986), that an arrest is valid, with or without a warrant, where the arresting officer has:
(1) reasonable cause to believe a felony has been committed; and (2) reasonable cause to believe that the person proposed to be arrested is the one who committed it.
Id. at 1212. In determining whether probable cause existed in this case, we should keep in mind this language from Strode v. State, 231 So.2d 779 (Miss. 1970):
Probable cause is a practical, non-technical concept, based upon the conventional considerations of every day life on which reasonable and prudent men, not legal technicians, act. It arises when the facts and circumstances within an officer's knowledge, or of which he has reasonably trustworthy information, are sufficient to justify a man of average caution in the belief that a crime has been committed and that a particular individual committed it. (Emphasis Added)
Id. at 782.
The evidence under consideration is the testimony of Sheriff Warren regarding the information he received from Larry Carbins. Warren stated at trial that he relied entirely upon Carbin's identification of Moore as the assailant, along with Carbin's brother. Thus, the primary indicia of reliability in this case is the fact that Carbins implicated his brother. In Kelly v. State, 493 So.2d 356 (Miss. 1986), we held that "probable cause to arrest [the defendant] was obtained by the oral statements given by his brother and brother-in-law, which placed him at the scene of the crime." Slip opinion, page 3. Given the fact that the information from Carbins implicated both Moore and Carbin's brother, there was probable cause for Moore's arrest.
We hold, therefore, that the confession obtained by Sheriff Warren was admissible, and that there is no merit to this assignment of error.

II. FAILURE TO INSTRUCT ON LESSER INCLUDED OFFENSE.
Moore alleges that he was entitled to the instructions on larceny and strong-armed robbery that he requested at trial. His theory is that there were actually three versions of the crime before the jury: 1) Gatewood's story, in which both Moore and his co-participant had guns; 2) Moore's confession, in which he participated in the crime, but did not have a gun; and 3) Moore's testimony at trial, in which he completely denied any involvement in the crime. According to Moore, the jury could rationally have believed his confession and found him guilty of something less than armed robbery. Thus, a lesser included offense instruction, according to Moore, would have been warranted by the evidence. Stevens v. State, 458 So.2d 726 (Miss. 1984). Moore attempts to distinguish his situation from that where the only theories before the jury are participation in the crime and alibi. Norman v. State, 385 So.2d 1298 (Miss. 1980).
However, a lesser included offense instruction was not mandated by the facts in this case. Moore's uncontradicted statement regarding his participation in the armed robbery made him a principal regardless of whether he was actually holding a gun or not, was sufficient for him to be found guilty of armed robbery. The facts in this case are similar to those of Ivey v. State, 232 So.2d 368 (Miss. 1970), where we affirmed the trial court's refusal to give an instruction limiting the jury's deliberations to robbery only, and not armed robbery:

*1299 [The appellant] took an active and aggressive part in the robbery of the Booths. Abner Williams, one of his companions, did hold a long-bladed knife at the throat of Edward Booth, while appellant beat up and robbed Joe Booth... . The appellant was a principal in the crime of armed robbery. He was positively identified as one of the three actively engaged in the robbery. All three acted jointly and in concert; each was responsible and accountable for the wrongful actions of the other two.
Id. at 369. See also Robinson v. State, 465 So.2d 1065 (Miss. 1985) ("[O]ne who acts in concert with another in the perpetration of a robbery need not actually wield a weapon in order to be found guilty of armed robbery." Id, at 1070).
Even if the jury did believe his confession and found him guilty on that statement, Moore gains nothing, for not one word or fact found in that statement affords a reasonable basis upon which a jury may have found Moore guilty of any offense lesser than armed robbery. The lesser included offense instruction was correctly denied. Harbin v. State, 478 So.2d 796, 799-800 (Miss. 1985); contrast Lee v. State, 469 So.2d 1225, 1230-1231 (Miss. 1985).
Finding no reversible error, we affirm the conviction of armed robbery, and the sentence of thirty (30) years.
AFFIRMED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.