PRATHER, Justice,
for the Court:
I.
This is a wrongful-death case arising from a collision between an automobile driven by Vidya K. Deshpande (plaintiffs decedent) and a gravel truck driven by a Ferguson Brothers’ (defendant’s) employee, Charlie Doyle. The collision occurred on U.S. Highway 82 near the town of Itta Bena in Leflore County. At the close of all the evidence, the trial judge court granted a peremptory instruction (Instruction D-3) through which Deshpande was deemed negligent as a matter of law. The jury subsequently returned a verdict in favor of Ferguson.
The primary issue raised in this appeal is whether the judge erred in granting the peremptory instruction. This Court has perused the record and, viewing the evidence in a light most favorable to Deshpande, holds that the judge did commit an error. In other words, Deshpande presented sufficient evidence with which to create a jury issue regarding the alleged negligence of Ferguson. See Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652, 657 (Miss.1975); Shivel v. Ferguson, 259 So.2d 123, 125 (Miss.1972). This case is therefore reversed and remanded for a new trial.
II.
Before concluding, two other issues will be addressed since they may arise during the new trial.
A.
Following the testimony of Billy Carver (Deshpande’s first witness), Deshpande called Charlie Doyle, the driver of the truck, as an adverse witness. Ferguson objected on the ground that Doyle was not a named defendant. The trial judge ruled that Deshpande would be permitted to call and cross-examine Doyle as an adverse witness and that Ferguson would be permitted to cross-examine him also.
In this appeal, Deshpande contends that the judge erred in light of Mississippi Rule of Evidence 611, which provides:

Rule 611. Mode and Order of Interrogation and Presentation

(a) Control by Court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
(b) Scope of Cross-Examination. Cross-Examination shall not be limited to the subject matter of the direct examination and matters affecting the credibility of the witness.
(c) Leading Questions. Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily, leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions, (emphasis supplied)
The “mode and order of interrogation” are matters within the judge’s sound discretion. “The mode of examination of a witness allowed by the trial court will not be criticized or reviewed unless gross injustice resulted therefrom.” Shows v. State, 267 So.2d 811, 812 (Miss.1972).
Interpreting the comparable federal rule, Sixth Circuit Court of Appeals stated:
It was not error for the trial court to permit the defense to use leading questions when cross-examining its own employees, who had been called by plaintiff on direct examination as part of her casein-chief. While Federal Rule of Evidence 611(c) permits the use of leading questions when a party calls a witness identified with an adverse party, there is no complementary provision requiring such a witness to be cross-examined without the use of leading questions by the party to whom that witness is friendly. This matter is within the court’s traditional discretion to control the mode of interrogation. We find no abuse in this case.
*879 Morvant v. Constr. Aggregates Corp., 570 F.2d 626, 635 (6th Cir.1978).
In the exercise of that discretion our trial courts should take special care to see that witnesses are treated in accordance with their actual posture in the case regardless of their affiliation. The driver of the truck is not just an employee of the adverse party, he is the principal witness for the adverse party as to what occurred. Unless there is some indication that despite the fact that the witness is identified with the adverse party, the witness has a motivation for or has indicated somehow that his testimony is adverse to the party with whom he/she is identified, that party should not be allowed to ask leading questions. It is often necessary that a plaintiff call a witness who is identified with the defendant in order to establish facts essential to a prima facie case. That witness’s overall testimony may be adverse to the plaintiff. It would not be fair to allow the defense to establish its case during the plaintiff’s direct case by asking leading questions of a friendly witness. The reasons for the court’s decision to allow the defendant/employer to ask leading questions does not readily appear. In the absence of such reasons we would ordinarily find an abuse of discretion in these circumstances.
In sum, on retrial, the Court trusts that this issue will be revisited and the principles expressed herein applied.
B.
Danny Banks, Chief of Police of the Town of Itta Bena and a witness called by Deshpande, testified he made certain observations at the scene of the accident but did not investigate the accident. Following voir dire by both parties as to Banks’ qualifications, the trial judge ruled that Banks could testify as an expert in the field of accident reconstruction.
During direct examination, Deshpande asked for Banks’ expert opinion with regard to four hypothetical questions. Ferguson objected, and the judge sustained the objection. Deshpande now contends that Banks should have been permitted to respond to his questions.
Under well-entrenched Mississippi law, an expert’s opinion testimony regarding accident reconstruction is admissible. See Hollingsworth v. Bovaird Supply Co., 465 So.2d 311, 314-15 (Miss.1985) (overruling ten cases which held otherwise); accord Miller By Miller v. Stiglet, Inc., 523 So.2d 55, 58-60 (Miss.1988) (holding that a “qualified” police officer may provide accident-reconstruction testimony); see also Miss.R.Evid. 702 (providing that a witness may be qualified as an expert by knowledge, skill, experience, training, or education). Admissibility of such evidence is consistent with the majority view. Stiglet, 523 So.2d at 59 (citing cases from other jurisdictions). When an expert's opinion testimony regarding accident reconstruction is offered into evidence, the judge must exercise his or her discretion in determining whether the expert is qualified and whether the evidence will be of assistance to the factfinder. Id. at 59-60.
On remand, the judge should be guided by these decisions in evaluating expert testimony. On this record, this Court finds no error in his ruling.
REVERSED AND REMANDED FOR A NEW TRIAL.
ROY NOBLE LEE, C.J., HAWKINS, P.J., and SULLIVAN, PITTMAN, BANKS and ROBERTS, JJ., concur.
DAN M. LEE, P.J., concurs in result only.
McRAE, J., specially concurs by separate written opinion, joined by DAN M. LEE, P.J., and ROBERTS, J.