# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-01322-SCT

*JOHN R. HOBSON a/k/a JOHN RICHARDSON HOBSON a/k/a JOHN LEE CLARK*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/19/95 |
| TRIAL JUDGE: | HON. GRAY EVANS |
| COURT FROM WHICH APPEALED: | LEFLORE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | FRANK CARLTON |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 10/16/97 |
| MOTION FOR REHEARING FILED: | 10/24/97 |
| MANDATE ISSUED: | 12/15/97 |

**BEFORE PRATHER, P.J., BANKS AND McRAE, JJ.**

**McRAE, JUSTICE, FOR THE COURT:**

This case arises from a January 19, 1995 order of the Leflore County Circuit Court denying John R. Hobson's Motion to Vacate and Set Aside Conviction and Sentence. We find no merit to Hobson's assertions that his attorney's performance was ineffective, that his guilty plea was not obtained voluntarily, that his first amendment rights were violated during the sentencing hearing, and that various constitutional rights were violated prior to his guilty plea and sentencing hearing. Accordingly, the decision of the circuit court is affirmed.

I.

Hobson was indicted by a grand jury of the Leflore County Circuit Court on February 12, 1993,

along with three others, for armed robbery. He initially entered a plea of not guilty. On July 6, 1993, he changed his plea to guilty in that action as well as to a separate charge of burglary. Hobson's guilty plea was entered on July 16, 1993 and he was sentenced to ten years in the custody of the MDOC.

Hobson filed a Motion to Vacate and Set Aside Conviction and Sentence, a hearing on which was held December 12, 1995. He asserted that counsel was ineffective, that his guilty plea was not entered voluntarily and that his sentence was constitutionally invalid. Finding no merit to the issues raised, the circuit court dismissed Hobson's request for relief on January 19, 1995.

## II.

Hobson first asserts that his attorney provided ineffective assistance in advising him on his guilty plea. He contends that she failed to advise him of his right against self- incrimination and that he had a right to a lesser-included offense instruction if the case proceeded to trial. He further claims that his attorney was not adequately prepared for the proceedings.

In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove that his attorney's performance was deficient, and that the deficiency was so substantial as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)*; Wilcher v. State*, 479 So. 2d 710, 713 (Miss. 1985); *Stringer v. State*, 454 So. 2d 468, 477 (Miss. 1984). This Court looks at the totality of the circumstances to determine whether counsel's efforts were both deficient and prejudicial. *Carney v. State*, 525 So. 2d 776, 780 (Miss. 1988); *Read v. State*, 430 So. 2d 832, 839 (Miss. 1983). "Judicial scrutiny of counsel's performance [is] highly deferential." *Strickland*, 466 U.S. at 689. There is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Carney*, 525 So. 2d at 780; *Gilliard v. State*, 462 So. 2d 710, 714 (Miss. 1985). Only where it is reasonably probable that but for the attorney's errors, the outcome of the trial would have been different, will this Court find that counsel's performance was deficient. *Dickey v. State,* 662 So. 2d 1106,1109 (Miss. 1995); *Reed v. State,* 536 So. 2d 1336, 1339 (Miss. 1988).

As to Hobson's first assertion that his attorney failed to advise him of his right against self-incrimination, there is nothing in the record either to support or refute this allegation. The burden is on the defendant to designate the record. *Jackson v. State,* 689 So.2d 760, 764 (Miss. 1997); *Davis v. State,* 684 So. 2d 643, 651 (Miss. 1996). We have stated:

> This Court will not consider matters which do not appear in the record and must confine itself to what actually does appear in the record. *Dillon v. State*, 641 So.2d 1223, 1225 (Miss.1994). Moreover, we cannot decide an issue based on assertions in the briefs alone; rather, issues must be proven by the record. *Ross v. State,* 603 So.2d 857, 861 (Miss.1992). As we stated in *Mason v. State*, 440 So.2d 318 (Miss.1983),

> We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them. [citations omitted].

> *Id.* at 319.

***Robinson v. State,*** 662 So.2d 1100, 1104 (Miss. 1995). Because Hobson has failed to provide any evidence of his attorney's failure to fully advise him of his rights beyond the allegations raised in his briefs, we cannot say that counsel's performance fell outside the realm of what would be considered to be reasonable professional assistance in advising her client of his rights or waiver thereof.

Hobson further asserts that his attorney should have advised him that had the case gone to trial, he would have been entitled to a lesser-included offense instruction. He therefore contends that he was misadvised to enter his guilty plea to the charge of armed robbery. Attorneys, however, are permitted wide latitude in their choice of defense strategy. ***Hiter v. State,*** 660 So.2d 961, 965 (Miss. 1995); ***Edwards v. State***, 615 So.2d 590, 596-97 (Miss.1993).

Relying on ***Moore v. State***, 493 So. 2d 1295, 1298 (Miss. 1986), the circuit court judge, in his order dismissing Hobson's motion, found that Hobson was *not* entitled to a lesser-included offense instruction even though he did not wield a weapon. In ***Moore***, this Court determined that regardless of whether a participant in an armed robbery was holding a gun, he could be found guilty of armed robbery and was not entitled to a lesser-included offense instruction. ***Id.*** at 1298-1299 (citing ***Robinson v. State,*** 465 So. 2d 1065, 1070 (Miss. 1985))("[O]ne who acts in concert with another in the perpetration of a robbery need not actually wield a weapon in order to be found guilty of armed robbery"). Hobson, apparently contrary to the testimony of his co-defendants, asserts that he merely drove the get-away car and thus was entitled to a lesser-included offense instruction as an accessory after the fact. He relies on ***Gangl v. State,*** 539 So. 2d 132 (Miss. 1989), where there was no evidence linking the driver of the get-away car with any events prior to or contemporaneous with the armed robbery of a drug store. In that case, because of the clear evidentiary basis for granting an instruction for the lesser-included offense of accessory after the fact, this Court found that such an instruction should have been granted even though the defendant was not separately indicted on that charge. ***Gangl***, 539 So. 2d at 137. In the case *sub judice*, however, Hobson has provided no evidence limiting his participation to driving the get-away car. The circuit court judge, who also heard the guilty pleas of Hobson's three co-defendants, was clearly in a better position to determine whether there was any merit to this issue when it was raised in his Motion to Vacate and Set Aside Sentence. Based on the circuit court's findings, it cannot be said, that but for Hobson's attorney's strategic decisions, he might have fared better had he not entered his plea of guilty.

Finally, Hobson pulls the language "I don't know how to proceed" from his attorney's comments during the guilty plea hearing and claims that she was not prepared for the proceeding. Put in the proper context, the attorney was merely indicating to the judge that she wanted to know his preference for her presentation of the various mitigating factors she had discovered in researching Hobson's background, e.g., whether he wanted a narrative statement and where she was to stand. There is no merit, therefore, to this assertion.

III.

Hobson next asserts that his guilty plea was not entered voluntarily and intelligently because he was not advised of his right against self-incrimination and that by entering a guilty plea, he waived that right. He contends that neither his attorney nor the circuit court advised him that he had a right against self-incrimination. As discussed in Issue I, *supra*, Hobson has provided this Court with no evidence that he was not advised of his rights by his attorney. He presents only the allegations raised

in his briefs. This Court does not decide matters based on assertions in the briefs alone; rather, issues must be proven by the record. *Robinson,* 662 So.2d at 1104.

At the guilty plea hearing, the circuit court advised Hobson of the minimum and maximum penalties he could face on both the armed robbery and burglary charges. He further explained to Hobson:

> I want you to understand, Mr. Hobson, you do not have to plead guilty. You have every right to a jury trial. Going into that trial, you would be presumed innocent. The whole burden of proof would be on the State. The State would present its witnesses, each of whom your attorney would have a right and obligation to cross-examine. After that part of the trial, you would put on your defense. The court would require the attendance of any witnesses you might wish to testify in your behalf. *So, you would have an opportunity to testify if you desired to do so. However, you could not be required to do so. If you and your attorney determined that it was not in your best interest and you didn't testify, the Court would instruct the jury before it retired to consider its verdict that no inference of guilt could be drawn from the fact that you failed to testify.* You would be entitled to a unanimous verdict. If the jury did find you guilty and you were dissatisfied with the finding of the jury, you would have the right to take an appeal to the Mississippi Supreme Court. Do you understand your rights?

The circuit court adequately advised Hobson of his rights as required by Uniform Criminal Rule of Circuit Court Practice 3.03(3), in effect at the time of Hobson's guilty plea and sentencing.

IV.

Hobson received a ten-year sentence for armed robbery. He now alleges that the circuit judge based the sentence on his belief that Hobson had participated in "some cult." Thus, he asserts that his first amendment rights were violated.

"Sentencing is within the complete discretion of the trial court and not subject to appellate review if it is within the limits prescribed by statute." *Hoops v. State,* 681 So. 2d 521, 537 (Miss. 1996); *Edwards v. State,* 615 So. 2d 590, 597 (Miss. 1993); *Reynolds v. State,* 585 So. 2d 753, 756 (Miss. 1991). A sentence generally will not be disturbed on appeal unless it exceeds the maximum statutory penalty. *Hoops,* 681 So. 2d at 538; *Fleming v. State,* 604 So. 2d 280, 302 (Miss. 1992).

Miss. Code Ann. § 97-3-79 (1994), the statute under which Hobson was indicted and sentenced, provides for a life sentence for armed robbery when the defendant is convicted by a jury. It further provides that "in cases where the jury fails to fix the penalty at imprisonment for life in the state penitentiary the court shall fix the penalty at imprisonment in the state penitentiary for *any term not less than three (3) years.*" § 97-3-79 (emphasis added). Hobson's sentence, therefore, does not exceed the statutory maximum and is not subject to appellate review.

There further is no merit to Hobson's attempt to create a constitutional challenge to his sentence. At the July 16, 1993 hearing where Hobson was sentenced, his attorney presented various mitigating factors to the court. Questioning Hobson on the negative influence one of his co-defendants, Ivan Cresswell, had had upon him, the judge asked if the young men had "some sort of little cult." The following exchange then took place:

[BY THE COURT]:

Q. I heard something about wanting some blood and some hair; what's all that about?

A. I was thinking about suicide and I thought that maybe Ivan could bring my soul back because he had told me he could.

Q. Uh-uh-mmmmmm.

BY MS. STUCKEY: That was the point I asked for a mental exam, Your Honor.

Q. Did ya'll meet and have any rituals?

A. No, sir.

Q. Didn't ever kill any animals?

A. No, sir.

Q. Did you talk about that?

A. Not really.

Q. Well now that really doesn't tell me a lot.

A. Ah, he just always told me different things like at concerts and different stuff, that had the concerts and that he had read the Satanic Bible and stuff. As far as actual being involved in any of it, I wasn't.

Q. Well do you still think he may have any special powers?

A. No, sir, I've done a lot of thinking and reading the Bible. I figured out that he's just . . . he was full of hogwash but at the time I was confused.

Nothing in this exchange can be construed as tagging Hobson with any particular religious beliefs or making any finding that adversely affected his sentence. Moreover, looking at the context of the proceedings in which the exchange arose, the circuit court and Hobson's attorney were focusing on mitigating factors to explain his behavior and/or reduce his sentence. There is no merit, therefore, to this assertion.

V.

Hobson also contends that he was not advised of his *Miranda* rights by arresting officers prior to questioning and that he was denied the opportunity for a preliminary hearing. He concedes that these issues were not raised in any of the proceedings below. Therefore, they are not properly before this Court. *Brandau v. State,* 662 So. 2d 1051, 1053 (Miss. 1995)(only matters of jurisdiction may be raised for the first time on appeal); *Ross v. State,* 603 So. 2d 857, 861 (Miss. 1992); *Patterson v. State,* 594 So. 2d 606, 609 (Miss. 1992). "[A] trial judge cannot be put in error when he was not given the opportunity to address the issue." *Robinson,* 662 So. 2d at 1104; *Holland v. State,* 587 So. 2d 848, 868 n. 18 (Miss. 1991). Moreover, there is nothing in the record to support the assertions

made. *Jackson,* 689 So. 2d at 764; *Davis,* 684 So. 2d at 651.

## VI.

Finding no merit to the issues raised by Hobson, we affirm the order of the circuit court denying his Motion to Vacate and Set Aside Conviction and Sentence.

**LOWER COURT'S DENIAL OF POST-CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**