859 So.2d 1054 (2003)
Zachary L. HARRINGTON a/k/a Zackary Lashawn Harrington, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01095-COA.
Court of Appeals of Mississippi.
November 18, 2003.
*1055 William F. Travis, Southaven, attorney for appellant.
Office of the Attorney General by Charles W. Maris, attorney for appellee.
Before SOUTHWICK, P.J., MYERS, and CHANDLER, JJ.
SOUTHWICK, P.J., for the court.
¶ 1. Zachary Harrington was found guilty by a circuit court jury of conspiracy to commit robbery with a deadly weapon, robbery with a deadly weapon, and manslaughter. He appeals arguing that the evidence at trial was insufficient to prove guilt beyond a reasonable doubt, and the court erred when it refused to grant a jury instruction for a lesser-included offense of robbery. We affirm.

STATEMENT OF FACTS
¶ 2. Harrington was friends with Eric Brandon Drake and Manrese Long. Drake was acquainted with the deceased, Jackie Harwell. Long rented a room from Drake's family. Drake lived with him, and Harrington lived nearby. On February 5, 1999, several calls were made from the Drake residence to Harwell's pager. Harwell also made several calls to the Drake residence that day.
¶ 3. On this night, Harrington and Long were together in a gazebo near their residences in Memphis, Tennessee. Harrington was carrying his stepfather's loaded pistol. A Lexus automobile arrived nearby and the car's lights were then turned off. Harrington and Long approached the car. Drake was in the passenger's seat and Harwell was in the driver's seat. Long and Harrington got into the car and Long began driving. He drove into Mississippi and stopped along the road for a restroom break. All of the occupants exited the vehicle. Long pointed a gun at Harwell, then reached into Harwell's pockets and took approximately $340. Drake then shot Harwell in the head. Harrington, Long, and Drake left Harwell in the middle of the road. They returned to Memphis in Harwell's Lexus. The three men split the money taken from Harwell.
¶ 4. Harwell's lifeless body was discovered lying in the road the next morning by law enforcement officers. An autopsy was performed and it was determined that he died from a single gunshot wound to the side of his head. Officers retrieved the gun from Harrington's stepfather. A crime lab expert testified that the gun matched the casing found at the scene and also the projectile removed from Harwell's body.
¶ 5. Harrington gave a statement admitting that he was with Long that night. He acknowledged that he was carrying his stepfather's gun, but said it was for his own protection. When the Lexus arrived, Harrington stated that both he and Long recognized Drake and "hopped in the car." *1056 He stated that Harwell saw the gun he was carrying when he got into the car. Then, they drove to Mississippi, stopped the car and everyone got out. He alleged that Drake shot Harwell and Long took money from him. He admitted that the three then split the money. He, Drake and Long allegedly decided to rob Harwell "before the man was shot after he got out of the car." At trial, he testified that he pleaded with Drake not to kill Harwell and only took the money under duress. He testified that he was not part of the conspiracy.
¶ 6. At trial, Long testified for the State. His story was that he and Harrington walked to the Lexus. Harrington ordered the occupants to "stick them up." He testified that they were just staging a robbery without Harwell's knowledge. They pretended to rob Drake, who was in the car with Harwell. Then, they all got into the car. Harrington's gun was displayed at some point prior to their reaching Mississippi. Long testified that they "were supposed to rob [Harwell] and take his car." Once they returned to Memphis, they tried to remove fingerprints from the car. There were two sets of car keys and Long took one set and Harrington took the other.
¶ 7. Harrington was tried and convicted of conspiracy to commit robbery with a deadly weapon, robbery with a deadly weapon, and manslaughter. This is his appeal.

DISCUSSION
1. Sufficiency of Evidence
¶ 8. Harrington claims that there was not sufficient evidence presented at trial to convict him. When the sufficiency of the evidence is challenged, all of the evidence is considered in the light most consistent with the verdict. The prosecution is given the benefit of all inferences that may be drawn from the evidence presented. McFee v. State, 511 So.2d 130, 133-34 (Miss.1987). The verdict will not be reversed unless the evidence with respect to one or more of the elements of the offense charged reveals that no reasonable juror could have determine the defendant was guilty. Alexander v. State, 759 So.2d 411, 421(¶ 36) (Miss.2000).
¶ 9. Harrington asserts that the prosecution failed to prove that he was involved in a conspiracy with Long and Drake. He claims that the verdict finding him guilty of robbery with a deadly weapon and manslaughter depended on the existence of a conspiracy. Conspiracy requires that two or more persons agree to commit a crime. Miss.Code Ann. § 97-1-1 (Rev.2000). Each person involved in the conspiracy must know that "they are entering into a common plan and knowingly intend to further its common purpose." Mitchell v. State, 572 So.2d 865, 867 (Miss. 1990). Circumstantial evidence may prove the existence of and membership in a conspiracy. Harris v. State, 731 So.2d 1125, 1132(¶ 42) (Miss.1999).
¶ 10. In evaluating the evidence, we find that Harrington was a friend both of Long and Drake. He lived near them. Drake knew Harwell. Harrington was with Long on the night of the crime and was carrying a loaded gun. Drake and Harwell later arrived at this same location and Harrington and Long entered the car. Long took Harwell's money at gunpoint and it was divided equally. Drake shot and killed Harwell with the gun Harrington brought with him that night. Long testified that they had planned to stage a robbery of Drake, rob Harwell, and then take his car. In Harrington's own statement, he admits that they decided to rob Harwell.
*1057 ¶ 11. Based on all the evidence presented at trial and the reasonable inferences arising from it, the jury could determine that there had been a conspiracy between these three men.
2. Jury Instructions
¶ 12. Harrington claims that the circuit court erred when it failed to include jury Instruction D-11 on the lesser-included offense of robbery. This was an instruction to allow a guilty verdict for simple robbery, an offense that does not require the exhibition of a deadly weapon. Miss.Code Ann. § 97-3-73 (Rev.2000). The jury was only given an instruction for robbery with a deadly weapon.
¶ 13. Harrington claims that the prosecution failed to show that he exhibited the gun to Harwell and it was therefore unfair to instruct the jury only on armed robbery rather than also on simple robbery. Harrington relies on a case that found that the defendant should have been convicted for simple robbery rather than robbery with a deadly weapon. Gibby v. State, 744 So.2d 244 (Miss.1999). In Gibby, no one involved was ever shown to have possessed a gun. The evidence was that a "hard object" had been pressed into the robbery victim's ribs. Id. at 245. That is not our case.
¶ 14. Participation in an armed robbery is sufficient to make one a principal in the crime regardless of whether that participant was the person holding the weapon. Moore v. State, 493 So.2d 1295, 1298-99 (Miss.1986). A gun was used in the robbery, and it was even Harrington's gun. There is no factual basis to support an instruction that a robbery without a deadly weapon occurred. Even if Harrington was not the person who actually was holding the weapon, he participated in the robbery.
¶ 15. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT OF CONVICTION OF COUNT I CONSPIRACY TO COMMIT ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY TO COUNT III; COUNT III ROBBERY WITH A DEADLY WEAPON AND SENTENCE OF FIFTEEN YEARS TO RUN CONSECUTIVELY TO COUNT IV; AND COUNT IV MANSLAUGHTER AND SENTENCE OF TWENTY YEARS, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.